## TAGUE, by his next Friend, *v.* HAYWARD.

PARENT AND CHILD.—APPRENTICESHIP.—STATUTE OF FRAUDS.—Suit by an infant, by next friend, for work and labor. Answer, that the plaintiff was an infant, having no father living, nor any guardian, and that the defendant entered into a contract with the mother, by which it was agreed that the plaintiff should live with and work for the defendant until he was twenty-one years of age, receiving for his labor his board and clothing, and certain presents on attaining his majority; that the plaintiff wrongfully left the service of the defendant before attaining his majority, &c.,

*Held,* that, under the statute, articles of apprenticeship must be in writing.

Tague, by his next Friend, v. Hayward.

*Held*, also, that under the facts alleged in the answer, the mother was entitled to the wages of her son, and could make a valid contract for his services, but unless such contract conformed to the statute regulating the relation of master and apprentice, it would confer on the defendant no right to control the person of the infant.

*Held*, also, that, as the contract was not in writing, and was not to be performed within one year, it was void under the statute of frauds, and could not be used as a bar to the action.

*Held*, also, that on a finding for the defendant, a judgment against the *prochein ami* for costs was right under the statute.

APPEAL from the *Warren* Circuit Court.

ELLIOTT, J.—The appellant, an infant, by his *prochein ami*, *McCabe*, sued *Hayward* for work and labor, for a period of over five years. The defendant answered in four paragraphs. The court overruled a demurrer to the fourth paragraph. The first was a general denial, and the plaintiff replied in denial of the 2d, 3d and 4th. The cause was tried by a jury. There was a general finding for the defendant; judgment for cost against *McCabe*, the *prochein ami*.

The appellant insists that the court erred in overruling the demurrer to the fourth paragraph of the answer. That paragraph alleged that the plaintiff being an infant, and having no father living, or guardian, the defendant contracted with the mother of the plaintiff for the services of her said son, by which it was agreed that the defendant should take the plaintiff, then a small boy, and raise him until he was twenty-one years of age, the defendant agreeing to clothe, board and school him during the winter season, while under twenty-one years of age, and when he arrived at the age of twenty-one years, the defendant was to give him a good horse, saddle and bridle, and a good suit of clothes; that the defendant had kept and performed his part of the contract, but that the plaintiff had failed to comply on his part, by running off and abandoning the employment of the defendant; "by which failure on the part of the plaintiff to perform said contract of the mother,

the defendant has sustained damages to the amount of $500." The agreement set up in the answer does not come within the provisions of the statute regulating the relation of master and apprentice, therefore the answer cannot be sustained as establishing that relation. The statute requires that such agreements should be in writing, signed and acknowledged by the parties. Here, the answer does not purport an agreement in writing, and as no such agreement, nor a copy, accompanies the complaint, we must presume that it was not in writing.

Under the circumstances stated in the answer, the mother, as the natural guardian of the plaintiff, had the right to control his person, and was entitled to his wages. *The Ohio, &c., R. R. Co.* v. *Tindall,* 13 Ind. 366. And there would seem to be no doubt of her power to make a valid contract for his services. Such a contract, however, not amounting to a legal apprenticeship under the statute, would not give the defendant the right to control the plaintiff's person, nor to compel him to return when he left his service, but the mother would be liable in damages for a breach of the contract. If the contract were obligatory on the mother it might, perhaps, be set up or given in evidence under the general denial, for the purpose of defeating an action by the son for services rendered under it, but no claim for damages, by way of *recoupment,* could be sustained, which seems to be the object of the answer. If the mother was entitled to his services as claimed, and made a valid contract in reference to them which has been violated, she, and not the son, is responsible.

But, as the contract was not in writing and signed by the mother, and was not to be performed within a year, no action could be maintained to enforce it, even against the mother, and therefore it cannot be used as a bar to an action for services that may have been performed under it. To allow the defendant to avail himself of it as a defense would be enforcing it in his favor while the same right is denied

to the other party, thus defeating the very object of the statute. *Comes* v. *Lamson*, 16 Conn. 246; *Scotten* v. *Brown*, 4 Harr., 324; Browne on the Statute of Frauds, . § 131, p. 135.

It is said, however, that although such a parol contract cannot be set up to bar an action brought on. a *quantum meruit*, for services rendered under it, evidence of it may be given for the purpose of fixing the value of the services performed, or amount of compensation to be recovered. Browne on the Statute of Frauds, § 126, p. 131; *King* v. *Brown*, 2 Hill 485; *Philbrook* v. *Belknap*, 6 Ver. R.. 383. But this question is not before us, and hence we decide nothing in reference to it.

We think the demurrer should have been sustained. The evidence is not in the record, and we cannot say that injury did not result to the plaintiff by the action of the court in overruling the demurrer.

It is also objected that the court improperly rendered a judgment against *McCabe*, the next friend, for costs. The statute provides that the next friend shall be responsible for the costs, and in *Holmes* v. *Adkins*, 2 Ind. 398, it was held that the judgment in such a case for costs should be against the next friend, and not against the infant plaintiff. The judgment against the next friend was right.

The judgment is reversed, with costs, and the cause remanded, with directions to the court below to sustain the demurrer to the fourth paragraph of the answer, and for · further proceedings.

*J. McCabe*, for appellant.

*B. F. Gregory* and *J. Harper*, for appellee.