## HUNSUCKER v. ELMORE.

MASTER AND SERVANT.—*Articles of Indenture.—Assent of Judge.—Acknowledgment.*—Articles of indenture apprenticing a minor child, whose parents are unable to support it, executed by the proper overseers of the poor, and binding as a servant to another, are void unless assented to by

Hunsucker *v.* Elmore.

the proper judge and his assent endorsed thereon, and unless acknowl-
edged by the parties thereto before some officer authorized to take ac-
knowledgments of deeds.

SAME.—*Invalid Indenture.*—*Liability of Master to Servant.*—*Suit for Work and
Labor.*—*Pleading.*—Where a minor has performed work and labor for
another under invalid articles of indenture purporting to bind such
minor to such other person as an apprentice, the performance by the
latter of his covenants in such articles is no bar to an action by the
former for such work and labor; and an answer, in such action, setting up
such articles and alleging performance of its covenants by the defendant,
in bar of such action, is bad on demurrer.

PRACTICE.—*Supreme Court.*—*Weight of Evidence.*—Where a judgment is ren-
dered by the court below on the trial of a cause in which the evidence is
conflicting, on appeal, the supreme court will not reverse such judgment
on the weight of such evidence, merely.

From the Jackson Circuit Court.

*B. H. Burrell* and *F. Emerson,* for appellant.

*W. K. Marshall,* for appellee.

HOWK, J.—Appellee was the plaintiff, and appellant
was the defendant, in the court below.

In his complaint and bill of particulars, the appellee
alleged, in substance, that appellant was indebted to him
in the sum of one thousand dollars, for work and labor
done and performed by appellee for appellant, at his
instance and request, from the year 1865 to the year 1872,
both inclusive, which sum was due and unpaid, and for
which appellee demanded judgment.

Appellant answered the complaint in five paragraphs,
as follows:

1.  A general denial.

2.  Payment in full, before commencement of action.

3.  Cause of action did not accrue within six years.

4.  That about the 15th day of January, 1857, appellee
was a child only six years of age and had no father liv-
ing, and his mother was not able nor was she a fit person
to take care of him, nor had he any guardian, nor had he
any sufficient means of support and education; that he
was then a charge upon the county as a poor person, and
was then in the care and custody and under the control

of the trustees of Carr township, in Jackson county, Indiana, as overseers of the poor of said township; that being a poor person of said township, the said trustees, by a written instrument, agreed with appellant that appellee should serve appellant and learn the occupation of a farmer, until he should arrive at the age of twenty-one years, as a member of his family; that appellant on his part agreed to receive the appellee into his family as a member thereof, and to board and clothe him in a suitable manner as a member of his family, and to send him to school to learn to read and write and the rules of arithmetic, as required by law, and to furnish him with a good suit of clothes at his majority, if he should remain with him until that time, and at said age to furnish him with a horse, saddle and bridle, worth at least seventy-five dollars, and during that time to learn him the occupation of a farmer; that the appellee was placed in his custody under said contract, and continued with him until he arrived at about the age of twenty-one years, as one of his family; that the appellant fully performed all the stipulations of the contract which he undertook to perform; that appellant boarded and clothed the appellee properly, and sent him to all the public schools in his district, and taught him all the art and mystery of a farmer, and on his arrival at about his majority, and at the time of his marriage, furnished him with a good suit of clothes, and also with a horse, saddle and bridle worth one hundred and fifty dollars, and with household goods and kitchen furniture of the value of fifty dollars on his marriage, sufficient for him to go to house-keeping in a good and comfortable manner; that all of said services were performed under said contract; that the appellee's board, clothing, schooling, instruction, horse, saddle, bridle, household goods and kitchen furniture were worth in value more than all the services rendered the appellant by the appellee; and the appellant averred that said

written contract had been lost or mislaid, and he could not furnish a copy thereof.

5. That, before the commencement of this action, appellant delivered to appellee one horse, saddle ,bridle, household goods and kitchen furniture, in full satisfaction for said labor, which the appellee received and accepted in full satisfaction for the work and labor specified in his complaint.

Appellee demurred to the fourth paragraph of appellant's answer, upon the ground that it did not state facts sufficient to constitute a defence to the action, which demurrer was sustained, and appellant excepted. And appellee replied to the second and third paragraphs of the answer, in denial of the matters alleged therein. It does not appear from the record that any action was had in the court below on the fifth paragraph of the answer, but we will presume, the contrary not appearing, that an issue was joined on this fifth paragraph, by a reply in denial.

And the action being at issue was tried by the court below, without a jury, and there was a finding for appellee, against the appellant, in the sum of two hundred and seventy-five dollars and twenty-five cents. And appellant moved the court below in writing for a new trial, which motion was overruled, and to this decision appellant excepted, and judgment was rendered upon the finding.

In this court, appellant has assigned two alleged errors, as follows:

First. The sustaining of appellee's demurrer to the fourth paragraph of appellant's answer.

Second. The overruling of appellant's motion for a new trial.

It will be observed, that, in the fourth paragraph of his answer, appellant relied upon the fact that the overseers of the poor of Carr township, in Jackson county, Indiana, had bound the appellee as an apprentice to the appellant

by an instrument in writing, to serve the appellant until he, the appellee, should arrive at the age of twenty-one years, and the further fact that the work and labor sued for in this action were done and performed by the appellee, before he arrived at full age,—as a complete defence to appellee's action. Under the averments of this paragraph of the answer, the overseers of the poor of Carr township were fully authorized by the law of this state, then in force, to bind the appellee as an apprentice, until his majority, to the appellant; but it was not alleged, in this paragraph, that any of the formalities required by law in such cases had been complied with. Where, as was the case with the appellee, the parents of the child are unable to support it, and by reason of that fact the overseers of the poor become authorized to bind the child, in every such case, "the assent of the judge of the court, having probate jurisdiction in the proper county, shall be necessary to the validity of any indenture" of apprenticeship, * * * "and shall be indorsed thereon," etc. 1 R. S. 1876, p. 627, sec. 4. On this subject, as applicable to all apprenticeships, it is also provided by our statute, that "all indentures shall be signed and acknowledged by the parties thereto, before some officer authorized to take acknowledgments of deeds, and shall be in two parts; one to be kept by the master or mistress; the other to be filed in the office of the clerk of the court having probate jurisdiction, in the proper county for the use of the apprentice." 1 R. S. 1876, p. 627, sec. 6. It is very evident that the "instrument in writing," mentioned in the fourth paragraph of appellant's answer, was not executed in conformity with the requirements of the statute, and that the assent of the judge of the court having probate jurisdiction in Jackson county was not indorsed thereon. It was, therefore, invalid and void, and did not give the appellant any legal right to the labor or services of the appellee, during his minority. *Bolton* v. *Miller*, 6 Ind. 262. The case of *Tague, by his next friend,* v. *Hayward,*

25 Ind. 427, is directly in point. That was a suit by an infant for work and labor. The defendant answered that the plaintiff having neither father nor guardian, his mother entered into a contract with the defendant, whereby it was agreed that the defendant should take the plaintiff, then a small boy, and raise him until he was of lawful age, to clothe, board and school him, and at his majority to give him a good horse, saddle and bridle, and a good suit of clothes. The contract being invalid, it was held by this court, that it could not be used as a bar to the plaintiff's action for services which had been performed under it. We hold, therefore, that the court below did not err, in sustaining appellee's demurrer to the fourth paragraph of appellant's answer.

The second alleged error was the overruling of appellant's motion for a new trial. Several causes for such new trial were stated in the motion, but they all may be summed up in these: that the finding of the court below was not sustained by sufficient evidence, and was contrary to law, and that the damages were excessive. We have carefully read all the evidence in the record. Each of the parties testified in his own behalf, on the trial. There was no dispute between them as to the fact that appellee had performed the work and labor mentioned in his complaint, for the appellant. There was some conflict in the evidence, as to the value of the work and labor done by the appellee; but the court below saw the witnesses upon the stand and heard them testify, and it was the province of that court to determine the weight that should be given to the testimony of the different witnesses, and reconcile the apparent conflict between them. We can not see, from simply reading the evidence, that the finding of the court below was for too large an amount; and certainly we can not disturb the finding on that ground.

The judgment of the court below is affirmed, at the costs of the appellant.