## KERWIN v. WRIGHT.

MASTER AND SERVANT.—*Articles of Indenture by Mother.*—*Action by Mother for Child's Services.*—*Pleading.*—Where a mother binds her minor child to another as an apprentice, by articles of indenture providing that the master shall render a specific compensation to the child for its services, she thereby relinquishes all right to compensation for such services ; and, though such indenture be so informally executed as not to bind the child, an answer by the master to an action against him by the mother for the value of such services, setting up such indenture and alleging performance of its terms, is sufficient.

From the Grant Circuit Court.

*J. Brownlee* and *H. Brownlee,* for appellant.

*J. F. McDowell* and *G. L. McDowell,* for appellee.

WORDEN, J.—This was an action by the appellee, against the appellant, to recover compensation for work and labor performed by the minor son of the plaintiff, for the defendant, from December 30th, 1864, to July 30th, 1876.

The defendant answered, first, by general denial, and, second, in substance, that the work sued for was done under a special contract between the plaintiff and defendant, in writing, a copy of which is set out, averring that the defendant had performed, and was ready to perform, the agreement on his part, but that the plaintiff and her said son have failed to perform on their part.

The written agreement is as follows :

" This indenture witnesseth, that Lety Myers, of the county of Grant, and State of Indiana, do hereby bind, and by these presents doth put and bind out, my son John E. Myers, to William Kerwin, of Grant county, to serve him as a farmer boy, from the day and [date] hereof, until he is twenty-one years of age, which will be in the year one thousand eight hundred and seventy-eight, at which time he will be twenty-one years of age, if living; during all of which time the said John E. Myers shall well and faithfully

serve the said William Kerwin, and at all times ready [readily] obey the lawful commands of said William Kerwin; and the said William Kerwin doth agree to send the said John E. Myers to school until he is sixteen years old, that is, three months out of the year, and give him all the necessaries of life, such as wearing apparel, eatables, and to teach him morality, and instruct him in the art of farming, and set [him] off with a suitable suit of clothing, and a horse, bridle and saddle, worth $100. In testimony whereof," etc.

This instrument was duly signed and sealed by Mrs. Myers (now, as we suppose, Mrs. Wright,) and Kerwin, and attested by witnesses.

A demurrer to the second paragraph of the answer, for want of sufficient facts, was sustained, and the defendant excepted.

Such further proceedings were had as that final judgment was rendered for the plaintiff, for four hundred dollars.

The appellant has assigned, as error, the sustaining of the demurrer to the second paragraph of his answer.

We proceed to consider the question involved.

It does not appear from the pleading, that the father of John E. Myers was dead, when the contract was entered into, and the action brought; but, for the purposes of the case, we will assume that he was, as that is the most favorable view for the appellee.

If the plaintiff, as the mother of John E. Myers, his father being dead, was not liable for his support, and not entitled to his services while he remained an infant, she can not maintain an action for the value of the labor performed by him for the defendant, and, of course, there was no foundation for the action.

Upon this point the authorities are not entirely uniform, and we cite such as we have examined for future convenience. In Reeve Dom. Rel., 3d ed., p. 431, note, it is said: " The mother, after the father's death, has no right to

the services of the minor child, nor is she liable, as the father is liable, for the support of such child."

The following cases are cited, which seem to sustain the note. *Pray* v. *Gorham*, 31 Me. 240; *E. B.* v. *E. C. B.*, 28 Barb. 299; *Bartley* v. *Richtmyer*, 4 Comst. 38; *Commonwealth* v. *Murray*, 4 Binney, 487; *South* v. *Denniston*, 2 Watts, 474.

The last case cited was an action by a mother, the father being dead, for the seduction of her daughter, and it was held that the action would not lie. The court held, that the mother was not bound to the duty of maintenance, and not entitled to the correlative right of service.

In Schouler Dom. Rel., 2d ed., p. 349, it is said: "At the common law a mother has no implied right to the services and earnings of her minor child; not being bound for the child's maintenance. Nor have her rights or liabilities in these respects been usually regarded as equivalent to those of a father, even where she is the only surviving parent. But the modern tendency in this country, if not in England, is certainly to treat a mother's rights with considerable favor, especially if she be a widow; and in several late cases her title has been upheld in her minor child's earnings, so far as concerns third persons; it appearing that she was the surviving parent, and that the child had no probate guardian and was not emancipated. Whether such title on her part could be so well enforced against the child's own consent and to the extent of depriving the child of the fruits of his own toil, may be reasonably doubted."

The following cases support the theory, that the mother, the father being dead, is, under some circumstances, entitled to the services of her minor children. *Matthewson* v. *Perry*, 37 Conn. 435; *Campbell* v. *Campbell*, 3 Stock. 268; *Hammond* v. *Corbett*, 50 N. H. 501. See, also, *The Ohio and Mississippi R. R. Co.* v. *Tindall*, 13 Ind. 366, and *Tague* v. *Hayward*, 25 Ind. 427.

Assuming, without deciding, that the plaintiff would

otherwise have been entitled to recover for the services of her child, we think it clear that she has precluded herself from such right, by the contract entered into between her and the defendant. If she had a right to the services of her son, she had a right to make a contract by which he was to serve the defendant, and that the defendant should pay him, and not her, for the service.

This was done. The defendant was to school and clothe and feed the boy, teach him farming and morality, and, at the end of the service, set him off with a suitable suit of clothing, and a horse, saddle and bridle.

We take it to be clear, that, if a father had made such a contract, kept on the part of the defendant, he could not himself have recovered for the services of the child. Thus it was held, in the case of *Snediker* v. *Everingham*, 3 Dutcher, 143, that, " Where a parent contracts for the services of a minor child, the wages to be paid to the child, the right of action to recover the wages is in the child, and not in the parent." See, also, *Morse* v. *Welton*, 6 Conn. 547; *Whiting* v. *Earle*, 3 Pick. 201; *Burlingame* v. *Burlingame*, 7 Cow. 92; and *Varney* v. *Young*, 11 Vt. 258.

The agreement was, doubtless, inoperative as an indenture of apprenticeship, because not executed in the mode prescribed by the statute, and did not in any manner bind the boy; but it was, nevertheless, a valid agreement as between the plaintiff and defendant, so far as the plaintiff had any right to contract the services of her son, and to authorize the defendant to pay the son for his services. *Tague* v. *Hayward*, *supra*.

As the agreement was invalid as an indenture of apprenticeship, the boy was in no way bound by it, and he might sue the defendant for his services. *Hunsucker* v. *Elmore*, 54 Ind. 209. See, also, the case of *Pray* v. *Gorham*, *supra*.

This is a cogent reason why the plaintiff should not recover, for the defendant can not be held liable to both the plaintiff and her son.

For these reasons, we think the court erred in sustaining the demurrer to the second paragraph of the answer.

The judgment below is reversed, with costs, and the cause remanded for further proceedings, in accordance with this opinion.