67 583
128 524
67 583
140 435

## HUSBAND v. HUSBAND.

DIVORCE.—*Award of Custody of Child to Mother deprives Father of right to its Services, and frees him of Liability for its Maintenance by Mother.*— *Res Adjudicata.*—The awarding to the mother of the custody of her minor child, on decreeing to her a divorce from the father, deprives him of all right to the services of the child, and, consequently, frees him from all liability to the mother, for the care, support and maintenance of the child.

From the Posey Circuit Court.

*M. W. Pearse*, for appellant.

*W. P. Edson*, for appellee.

WORDEN, J.—This was an action by the appellant, against the appellee, to recover an alleged indebtedness of two thousand dollars, " for the care, maintenance and support of one Adelia Husband, an infant daughter of the defendant, from the 5th day of March, 1863, to the 1st day of October, 1877, at the special instance and request of the defendant."

The defendant answered, that he was the father of the child mentioned, who was the issue of a marriage between himself and the plaintiff; that on the 4th day of the March term of the court of common pleas of the county of Posey aforesaid, the plaintiff herein obtained in that court a decree of divorce against the defendant herein, and for the sum of fifteen hundred dollars as alimony, and for the custody of said child, and that, during all the time for which the plaintiff sues for the support of said Adelia, the plaintiff, by the order of said court, as aforesaid, against the will and consent of the defendant, and not at his instance and request, assumed and took upon herself the care, custody and support of the said Adelia. Wherefore, etc.

The plaintiff demurred to this answer for want of sufficient facts, but the demurrer was overruled and exception taken. Thereupon, the plaintiff declining to reply, judgment was rendered for the defendant.

The question presented is, whether the court erred in holding the answer good. Does the law imply an obligation on the part of the father to pay his former wife for her support and maintenance of the minor child or children of the marriage, where she has obtained a divorce from him, and has, in the decree, been awarded the custody of such child or children?

This question must, we think, be answered in the negative. The right of the parent to the services of the child, and the obligation of maintenance devolving upon the parent, have been said to be reciprocal rights and obligations. See, as remotely bearing upon this point, the case of *Kerwin* v. *Wright*, 59 Ind. 369.

In 2 Bishop Marriage and Divorce, section 557, it is said :

" The true legal principle applicable to cases of this kind seems to be, that the right to the services of the children and the obligation to maintain them go together; and, if the assignment of the custody to the wife extends to depriving the father of his claim to their services, then he can not be compelled to maintain them otherwise than in pursuance of some statutory regulation."

There can be no doubt but that the awarding of the custody of the child to the plaintiff, in the decree of divorce, deprived the defendant of his right to her services. He could not command her services while the plaintiff was entitled to her custody. And, if the principle above announced be correct, neither the former wife nor any one else could maintain an action against the father, for the support and maintenance of the child, while he was thus deprived of her custody and services, on any obligation arising out of duty.

But we desire to pass only upon the point involved in the case before us, and we express no opinion as to the right of a third person to maintain such action.

The statute in force at the time the divorce in question was granted provided that "The court in decreeing a divorce shall make provision for the guardianship, custody, and support and education of the minor children of such marriage." 2 G. & H., p. 353, sec. 21. The same provision is contained in the present statute. 2 R. S. 1876, p. 331, sec. 21.

It seems to us to have been clearly intended that the rights of the parties in a proceeding for a divorce, as to the custody and support of the minor children of the marriage, should be settled and determined in that proceeding, and not be left open to further independent litigation.

It can not be even plausibly contended that if the plaintiff had, in the divorce suit, been awarded a definite sum for the support of the child, she could afterward have maintained an independent action for more.

But it was not necessarily obligatory upon the court to make any allowance to the plaintiff for the maintenance of the child, although her custody was awarded to the plaintiff. The matter rested in the discretion of the court granting the divorce, and was to be determined from the circumstances and the situation of the parties. *Conn* v. *Conn*, 57 Ind. 323.

The court may well have thought that the allowance to the plaintiff of the sum of fifteen hundred dollars, by way of alimony, rendered it unnecessary to make her a further allowance for the support of the child. But, if no allowance had been made for alimony, the point here involved would have rested upon the same foundation.

The action for divorce was one in which the plaintiff might, if her case warranted it, and should, have obtained a provision for the support of the child; but, having taken her decree for divorce, and the custody of the child without any provision for its support, she took upon herself the burden of its support without such provision, and can not

now maintain an action for such support. She is estopped by the record to claim now what she should have secured, if entitled to it, in the action for the divorce. If the court, in the action for divorce, erroneously refused to make her an allowance, to be paid by her husband, the father of the child, for its support and maintenance, she had her remedy.

We are of opinion that the answer was good, and the demurrer to it properly overruled.

The judgment below is affirmed, with costs.