## KERWIN v. MYERS.

### No. 7308.

MASTER AND SERVANT.—*Invalid Indenture.*—*Liability of Master to Servant for Work and Labor.*—*Pleading.*—*Infant.*—Where a minor has performed work and labor for another under invalid articles of indenture, the performance by the latter of his covenants therein is no bar to a recovery by the former for such service, and, in an action therefor, an answer setting up such articles, and alleging performance of the covenants by the defendant, is insufficient on demurrer.

SAME.—*Ratification of Contract of Indenture.*—*Case Distinguished.*—For difference between this case and that of *Hays* v. *McConnell*, 42 Ind. 285, see opinion.

SUPREME COURT.—*New Trial.*—*Evidence.*—No question is presented for the decision of the Supreme Court on the overruling of a motion for a new trial, where the evidence adduced upon the trial is not in the record.

From the Grant Circuit Court.

*J. Brownlee* and *H. Brownlee*, for appellant.

*J. F. McDowell* and *G. L. McDowell*, for appellee.

HOWK, J.—In this action, the appellee sued to recover a certain sum alleged to be due for eleven years' work and labor, by him done and performed, for the appellant and at his request. The appellant answered in three paragraphs, of which the first was a general denial, and each of the other two paragraphs stated affirmative matters, by way of defence. The appellee's demurrers, for the want of facts, to the second and third paragraphs of answer, were sustained by the court, and to these decisions the appellant excepted. The issues joined were tried by a jury, and a verdict was returned for the appellee, assessing his damages in the sum of $170; and the appellant's motion for a new trial having been overruled, and his exception saved to such ruling, judgment was rendered against him for the appellee, on the verdict.

In this court, the appellant has assigned, as errors, the decisions of the circuit court in sustaining the demurrers to the second and third paragraphs of his answer, and in overruling his motion for a new trial.

The appellant's counsel concede in argument, that "this case was before this court, in another form," in the case of *Kerwin* v. *Wright*, 59 Ind. 369. In that case, the mother of the appellee in this case, who was then an infant under the age of twenty-one years, sued to recover for work and labor done and performed by her said infant son, for the appellant and at his request. In that case, as in the one now before us, the appellant pleaded in bar of the action, that the work and labor sued for were done and performed by the appellee in this case, under and pursuant to a certain agreement of apprenticeship, executed by the said mother of said appellee and the appellant, whereby the appellee's mother, for certain considerations therein expressed, had undertaken to bind out her said son to the appellant, "to serve him as a farmer boy," from the date of said agreement, December 30th, 1864 until the appellee

was twenty-one years of age, which would be in the year 1878. In the case cited, it was held that said agreement of apprenticeship " was, doubtless, inoperative as an indenture of apprenticeship, because not executed in the mode prescribed by the statute, and did not in any manner bind the boy; but it was, nevertheless, a valid agreement as between the plaintiff and defendant, so far as the plaintiff had any right to contract the services of her son, and to authorize the defendant to pay the son for his services." Again, in that case, the court further said: " As the agreement was invalid as an indenture of apprenticeship, the boy was in no way bound by it, and he might sue the defendant for his services." To the same effect are the following cases in this court: *Bolton* v. *Miller*, 6 Ind. 262; *Tague* v. *Hayward*, 25 Ind. 427; and *Hunsucker* v. *Elmore*, 54 Ind. 209.

It seems to us, that, in so far as the appellant is concerned, the decision of this court, in the case of *Kerwin* v. *Wright*, *supra*, must be regarded as the law of the case at bar; and that we must therefore hold, as we do, that the court did not err in sustaining the appellee's demurrers to the second and third paragraphs of the appellant's answer. The appellant's counsel say, that " these answers were drawn in the light of *Hays* v. *McConnell*, 42 Ind. 285;" but there was one important and controlling feature of that case, which counsel seem to have lost sight of, or perhaps it was not applicable, in the preparation of the appellant's special answers. In the case last cited, the court said : " The evidence was abundant to show a ratification of the contract or arrangement under which the appellee was living with the appellant, after she became twenty-one years of age. The contract was only voidable, and the appellee not having avoided it on her arrival at majority, but having very clearly ratified it by continuing to live with the appellant upon the same terms, the question of her infancy, for the first few years of the time during which she lived

with appellant, can not affect the case." The opinion of the court, in that case, shows that the appellee had continued to live with the appellant, under the arrangement made during her infancy, for five or six years after she became twenty one years of age; and the court very properly held, we think, that the appellee had, by continuing to live with the appellant for so many years after her arrival at lawful age, upon the terms of the original contract and without having avoided it at her majority, had thereby ratified such contract.

In the case at bar, it is not pretended either in the appellant's answer, or elsewhere in the record, that the appellee had ever, at any time or in any manner, ratified or confirmed his mother's contract with the appellant, in regard to his work and labor, after he had become twenty-one years of age. It would seem, indeed, that the appellee became of lawful age in the year 1878, and before he commenced this action; and, as the record shows that this suit was commenced on the 11th day of April, 1878, we may well conclude that the appellee, within a reasonable time after his arrival at lawful age, had repudiated and avoided his mother's contract with the appellant, in regard to his work and labor.

The evidence adduced upon the trial is not in the record; and, therefore, the alleged error of the court, in overruling the appellant's motion for a new trial, presents no question for the decision of this court.

The judgment is affirmed, at the appellant's costs.