Filed June 27, 1889.

---

No. 13,847.

## OWENS v. FRAGER.

APPRENTICE.—*Poor Child.*—*Power of Superintendent of County Asylum.*— *Consent of Judge.*—Under sections 6092 and 5337, R. S. 1881, construed together, an indenture made by the superintendent of a county asylum apprenticing a child is invalid unless approved by the judge of the court having probate jurisdiction.

SAME.—*Annulment of Indenture.*—*Right of Mother to Sue.*—*Prima facie,* the right of action to set aside an indenture of apprenticeship made by the overseers of the poor is in the father of the child, and an action is not well brought by the mother unless she avers facts showing that she is entitled to sue.

From the Benton Circuit Court.

*D. Fraser*, for appellant.

*M. H. Walker* and *G. H. Gray*, for appellee.

BERKSHIRE, J.—This was an action to annul and set aside an indenture of apprenticeship executed by the superintendent of the county asylum within and for the county of Benton and State of Indiana, and to obtain the custody of a child.

The court sustained a demurrer to the complaint, and the appellant, who was the plaintiff below, failing and refusing to amend her complaint, the court rendered judgment against her for want of a sufficient complaint.

Section 6092, R. S. 1881, is the authority for the superintendent of a county asylum to apprentice or bind out a child. This section is general in its character, and does not provide the mode, of procedure necessary to carry out the authority given. This is found in the act specially providing for the creation of the relation of master and apprentice, and providing what shall be the duties and obligations of each. This act contains numerous sections, beginning with section 5334, R. S. 1881.

Section 5336 provides under what circumstances the overseers of the poor may bind children under sixteen years of age. The first specification of this section provides that the child of a pauper, supported in whole or in part by the county, and the second specification provides that any child whose parents have abandoned, neglected, or are unable to support it, may be bound by the overseers of the poor.

Section 5337 provides that the assent of the judge of the court having probate jurisdiction shall be necessary to the validity of an indenture of apprenticeship under the foregoing specifications.

Construing these statutes together, and this must be done to give force and effect to section 6092, *supra*, an indenture made by the superintendent of a county asylum is of no

validity until the judge gives his assent, as provided in section 5337, *supra.*

The averments in the complaint show that the judge's assent was not given, therefore it appears that the indenture in question is invalid. But the complaint is bad because it is not shown from the averments therein that the cause of action alleged is in the appellant. *Prima facie,* a right of action of the character of the one alleged in the complaint before us is in the father of the child, and not in the mother. We can not presume that the father is dead, or, if living, that notwithstanding that fact the mother is entitled to maintain the action.

We think the complaint states a cause of action, but because it fails to show that the right of action is in the appellant, the court properly sustained the demurrer. *Brooke* v. *Logan,* 112 Ind. 183, and cases cited ; *Kerwin* v. *Wright,* 59 Ind. 369 ; section 2518, R. S. 1881 ; *State, ex rel.,* v. *Banks,* 25 Ind. 495 ; *Henson* v. *Walts,* 40 Ind. 170 ; *Kerwin* v. *Myers,* 71 Ind. 359.

This action is properly brought for the purpose of determining the validity of the indenture binding the child, and incidentally, and as a question necessarily connected therewith, the parties' rights as to the custody of the child may be determined.

Judgment affirmed, with costs.

Filed June 28, 1889.