## TOBIN v. TOBIN.

[No. 4,237.    Filed June 20, 1902.]

DIVORCE.—*Care and Custody of Children.*—*Modification of Judgment.*—A judgment in a divorce proceeding for alimony and the care and custody of a minor child or children is final upon the facts as they existed at the time of the rendition of the judgment, and any modification as to the care, custody, and nursing of the minor child or children must be based upon the conduct or changed circumstances of the parties subsequent to the order made in the divorce case. *p. 384.*

SAME.—*Care and Custody of Children.*—*Modification of Judgment.*—Where a decree of divorce awarding alimony and the care and custody of a minor child to the wife was rendered, which, in terms, made no provision for the support of the child, the decree may be modified by requiring the husband to contribute to the support of the child upon a showing that the wife is no longer able to support it, although there was no reservation in the original decree as to the modification thereof. *pp. 385, 386.*

From Marion Superior Court; *J. L. McMaster*, Judge.

Tobin *v.* Tobin.

Proceeding by Mary Tobin against John W. Tobin **for** the modification of a divorce decree. From a **judgment** in favor of defendant, plaintiff appeals. *Reversed.*

*H. P. Clancy,* for appellant.
*J. J. Rochford* and *J. M. Wall,* for appellee.

Comstock, J.—The appellant in this proceeding **seeks** to have a decree rendered at the May term, 1896, of the Marion Superior Court modified in accordance with her petition filed at the January term, 1901. In the original decree the appellant, as stated in the petition, was granted a divorce from appellee, was given the custody of their minor child, named in the petition, and a judgment in her favor for alimony in the sum of $675, which sum was afterwards paid. The trial court sustained a demurrer to the petition for want of facts. This action of the court is assigned as error. No reservation was made in the decree with reference to the future care, support, custody, or education of such minor child, and appellee insists that the decree was therefore final as to all matters therein determined.

It is contended by counsel for appellee that, if the court might modify a decree in the absence therein of a provisional reservation, such modification could only be made upon a showing of reasons occurring after the entry of the original decree, and that in the present case such reasons do not appear. The petition avers that the minor child, still in the custody of the mother, is now, and always has been, in poor health, and has suffered much from nervous disease, and that her condition requires constant care, nursing and medical treatment.

It is also averred that the petitioner is dependent for the support of herself and child on an income of $4.50 per week, which sum is all she is able to earn by her own efforts, and is the sole source of livelihood, and is entirely inadequate.

It is conclusively presumed that in a divorce proceeding the known facts touching the subject before the court received proper consideration.   The judgment reached, therefore, is final upon the facts as they then existed, and is unassailable.   *Dubois* v. *Johnson,* 96 Ind. 6; *Leming* v. *Sale,* 128 Ind. 317, and *Joab* v. *Sheets,* 99 Ind. 328, hold that whatever modification is made in the order of the court as to the care, custody, and nursing of the minor child or children must be based upon the conduct or changed circumstances of the parties subsequent to the order made in the divorce case, and that the status of the child is fixed, as between the parents until the order is modified by some subsequent proceedings.

It is further insisted that the custody of the child having been given to the mother in the divorce proceeding, brought by her against her husband, deprives the father of all right to the services of the child, and consequently frees him from all obligation to the mother for the care, support, and maintenance of the child.   Counsel cite *Husband* v. *Husband,* 67 Ind. 583, 33 Am. Rep. 107; *Jonas* v. *Jonas,* 73 Ind. 601; *Ramsey* v. *Ramsey,* 121 Ind 215, 6 L. R. A. 682.   In *Husband* v. *Husband, supra,* the divorced wife brought suit to recover an alleged indebtedness of $2,000 for the care, maintenance, and support of an infant daughter of the defendant, given to the custody of the plaintiff.   The court held that the law did not imply an obligation on the part of the father to pay his former wife for her support of the minor child, when she had obtained a divorce from him and has, in the decree, been awarded the custody of such child or children.   In the course of the opinion the court say:   "It seems to us to have been clearly intended that the rights of the parties in a proceeding for a divorce, as to the custody and support of the minor children of the marriage, should be settled and determined in that proceeding, and not be left open to further independent litigation."   The action was inde-

pendent. In the case at bar it is not independent of the judgment which is recognized, and a modification of which is asked to the extent of providing for the infant child. *Jonas* v. *Jonas, supra,* was an independent action. A personal judgment was sought against the husband. No modification of the decree was asked. It was based solely upon *Husband* v. *Husband, supra.*

In *Ramsey* v. *Ramsey, supra,* the divorced wife sought to recover of her former husband for the support of his child. The child was born shortly after the decree of divorce had been rendered. The fact of pregnancy was averred in the complaint, but there was no order concerning the future support or custody of the expected child. The actual custody of the child remained with the mother. The court held that there was no implied obligation on the part of the father to pay for support voluntarily furnished by the mother while she asserted her right to the custody of the child, unless the father had in some way manifested his purpose to abandon them, or refused to take them into his custody and render them proper support. In concluding the opinion the court said: "Whatever relief the mother may be entitled to, if any, growing out of the changed circumstances since the rendition of the decree, must be sought by an application to the court for a modification of the decree in reference to the support and custody of the child." The remedy sought in the case at bar.

Since the judgment in this cause was rendered by the trial court, the Supreme Court of our State, in the recent case of *Stone* v. *Stone,* 158 Ind. 628, have held that under §1058 Burns 1901, the duty is imposed upon the court to make provision for the guardianship, custody, support, and education of the minor children; that this is a duty "irrespective of the issues or wishes of the parents, and springs in a large measure from the public interest in the proper training and education of the children." It is there held

that the court has a continuing jurisdiction during the minority of the child to make from time to time such orders and modifications in reference to their care as are deemed expedient, and that a reservation in the decree so to modify its order is not essential; citing 2 Bishop, Mar., Div. and Sep., §§1186, 1187, 1188; *Neil* v. *Neil,* 38 Ohio St. 558; *Dubois* v. *Johnson,* 96 Ind. 6; *Leibold* v. *Leibold,* 158 Ind. 60. The case of *Sullivan* v. *Learned,* 49 Ind. 252, upon which appellee strongly relies, is overruled in the opinion and cases following it.

A decree of divorce does not necessarily release a father from the obligation of maintaining his minor child or children. It is final as to the severance of the marriage tie, but as to the minor children the jurisdiction of the trial court continues until adult age is reached. They remain the wards of the court, and the action of the court in the modification, or the refusal to modify a judgment in their interest, must depend upon the facts shown. The decree made, in terms, no provision for the child. If, in making the allowance of alimony, the court had in contemplation the support of the child by the mother, that sum is no longer available for that purpose. The petitioner's entire income, in which is included all she is able to earn, is $4.50 per week. The alimony allowed probably sufficing, by the use of economy, to supply the wants of the mother and child for a time, has been lost or expended. The income remaining is inadequate. The circumstances, without the fault of the child, have materially changed. The interpretation of the law which would exempt the father from the support of his offspring under the circumstances set out in the petition ought to be clearly warranted. It is not the policy of the law to make a child a public charge while the father has ample means for its support.

In this proceeding an allowance to the mother would not be proper, but a hearing of the facts should be had upon the petition, and such provision, if any, be made for the

sole benefit of the child as the trial court may deem advisable.

The judgment is reversed, with instruction to overrule the demurrer to the petition.