## CHRISTENSEN v. CHRISTENSEN.

No. 4271.   Decided July 23, 1925.   (239 P. 501.)

1. APPEAL AND ERROR—ASSIGNMENTS ASSAILING FINDINGS DEEMED ABANDONED, WHERE EVIDENCE IS NOT ABSTRACTED, NOR ANY ARGUMENT PRESENTED AS TO ITS INSUFFICIENCY. Where none of evidence is abstracted, nor any argument presented as to insufficiency thereof to sustain findings, assignments of error' assailing findings must be deemed abandoned.

2. DIVORCE—APPLICATION FOR ARREARS OF ALIMONY AWARDED SHOULD BE MADE IN ORIGINAL ACTION. Application by wife for arrears of alimony awarded by divorce decree should be made in original divorce action, not by independent proceeding.[1]

3. DIVORCE—COURT .GRANTING DECREE MAY INQUIRE INTO MATTERS PRECEDING ENTRY THEREOF ON WIFE'S APPLICATION FOR ARREARS IN ALIMONY AWARDED. Court granting divorce to wife had jurisdiction to inquire into matters preceding entry of decree on her application for arrears in alimony awarded thereby.

4. DIVORCE—JUDGMENT AWARDING WIFE AMOUNT OF INDEBTEDNESS AGAINST PROPERTY AWARDED HER BY DECREE IN EXCESS OF AMOUNT REPRESENTED BY HUSBAND HELD PROPER. Judgment awarding wife amount in which property awarded her as alimony by divorce decree was burdened, in excess of amount represented by husband when wife agreed to receive it as her allowance, held proper as merely requiring husband to pay amount adjudged by original decree in accordance with parties' stipulation.

5. DIVORCE—ABSENCE OF FINDING THAT CIRCUMSTANCES AND CONDITIONS OF PARTIES HAD MATERIALLY CHANGED HELD NOT GROUND FOR REVERSAL OF JUDGMENT FOR ARREARS IN ALIMONY. Absence of specific finding that circumstances and conditions of parties to divorce action had materially changed since original decree held not ground for reversal of judgment, on wife's application for arrears in alimony, granting her amount of indebtedness against property awarded her by such decree, in excess of that represented by husband, though she demanded some additional alimony, which court denied.

6. DIVORCE—HUSBAND NOT COMPLYING WITH TERMS OF DECREE AS - TO ALIMONY HELD PROPERLY REQUIRED TO PAY COUNSEL FEES OF

[1] *Karren* v. *Karren*, 25 Utah, 87, 69 P. 465, 69 L. R. A. 294, 95 Am. St. Rep. 815.

WIFE APPLYING FOR RELIEF. Husband, in fault by not complying with terms of original divorce decree as to alimony, and resisting application for relief by wife wholly without means, *held* properly required to pay her counsel fees.

Appeal from District Court, Second District, Weber County; *J. N. Kimball*, Judge.

Application by Mae Valereux Christensen against Bert Christensen for arrears in alimony awarded by divorce decree. Judgment for applicant, and defendant appeals.

AFFIRMED.

*Irvine, Skeen & Thurman*, of Salt Lake City, for appellant.

*Stuart P. Dobbs*, of Ogden, for respondent.

FRICK, J.

In June, 1921, plaintiff commenced an action in the district court of Weber county against the defendant, her husband, in which she sought a divorce upon the ground of extreme cruelty. She also prayed for permanent alimony. On the 18th day of July, 1921, judgment or decree was duly entered in favor of plaintiff, in which she was granted a divorce, was awarded the custody of the two minor children of plaintiff and defendant, and was also awarded permanent alimony as will hereinafter appear.

On the 6th day of March, 1924, the plaintiff, in said district court, filed an application in the former action, supported by her affidavit, in which she, in substance, stated that the defendant had by false representations deceived and misled her in respect to his property and property rights in the former action, as will hereinafter more fully appear from the court's findings. The facts in that regard are fully stated by plaintiff in her affidavit referred to, and, in view that the facts sufficiently appear from the findings of the court, it is not deemed necessary to repeat them here. An

order to show cause was duly issued and served on defendant. He appeared and filed an answer to plaintiff's affidavit, in which he in effect denied the facts stated by her. A hearing was duly had upon plaintiff's affidavit and on the answer of defendant at which much evidence was produced in support of the respective contentions of the parties. In view of the questions argued on this appeal, it is not deemed necessary to set forth the evidence or to specially refer to the same, and we shall not do so except to refer to such facts as are deemed necessary, which will be done in the course of the opinion.

After a full hearing upon the matters presented, the district court made findings of fact. In view that the court's findings fully reflect the evidence and the theory upon which the proceeding was tried, and to avoid repetition, we here reproduce the findings of the court so far material to this appeal. The court found:

"That the defendant, Bert Christenson, at the time of the commencement of the trial of this action, was in arrears upon the payment of alimony due in monthly installments by him in the sum of $39, but that during the trial of this action said amounts were paid in full to the clerk of this court, and that said defendant is not now in arrears upon said monthly installments of alimony; that, at the time of the entry of the decree of divorce in this action, a certain stipulation and agreement was entered into by plaintiff and defendant, by way of a property settlement by the terms of which settlement it was agreed that the plaintiff was to receive from the defendant a certain business owned by the plaintiff and known as Economy Sample Shoe Store of Ogden, Utah, including all merchandise, cash on hand, accounts receivable, deposits in the bank under the name of the Economy Sample Shoe Store, and furniture and fixtures used by defendant in said business, it being set forth in said stipulation that it was understood that the present debts against the said business would not exceed $3,200, and that a complete statement of all debts of the said store and the business should be furnished to the plaintiff; that by the terms of said stipulation, it was agreed that the property settlement therein made included the transfer to plaintiff of said business, together with other property, and certain monthly payments for the support and maintenance of the minor children of the parties, therein provided for, should be a complete bar to further recovery from defendant of any property then owned by him except

for payments as provided for the support and maintenance of the minor children, and that the same shall be in lieu of permanent alimony; that said stipulation was adopted by the court, and that, by the decree of divorce herein entered property rights of the parties were determined in accordance with said stipulation, and said businss and other property, together with said monthly installments of alimony for the support of the children, were distributed and allowed to the plaintiff; that at the time of the transfer of said business from defendant to plaintiff, which took place on or about the 15th day of June, 1921, the debts then owing from the defendant on account of said business and the then present debts against said business exceeded the sum of $3,200, and amounted to the sum of $4,197.37, an excess of $997.37, and that, at the time the said plaintiff entered into the possession of and took over the said business from the defendant, she did not know of said excess indebtedness, and relied upon and believed the representations so made by defendant that said business indebtedness was not in excess of $3,200 and would not have entered into said stipulation had she not so believed and relied upon such representations; that the statement as furnished her by defendant did not disclose said excess indebtedness; that thereafter plaintiff conducted said business and discharged a large part of the amount due against the same which was owing at the time of said transfer to her, but was unable to pay all of the same and that thereafter, in proceedings of involuntary bankruptcy in the District Court of the United States for the District of Utah, she was adjudged an involuntary bankrupt, and that said business was taken possession by a trustee named in said bankruptcy proceedings, and that the estate was sold and the receipts disposed of to her creditors, including those whose claims were a part of the indebtedness due at the time of said transfer; that, by reason of the facts as stated, the said plaintiff lost said business, and was deprived of that part of the settlement made upon her at said divorce proceedings, and rendered unable to provide for herself and said minor children as well as she would have been able to do had she been able to keep said store and make a living therefrom; that the younger son of the parties, Robert P. Christensen, has been ill, and was ill at the time of the commencement of those proceedings with an ailment affecting his lungs, at which times he was unable to attend school, and plaintiff was then forced to quit her employment and remain at home to take care of him for several months, and that he is in need of an operation for the removal of his tonsils and of the care of a physician and nurse; that plaintiff, at the time of the commencement of this action and for some time thereafter, was ill and confined to her bed, and because of her ailment she was and will be unable to work."

The court made some further findings, which, while material to the controversy before the court, are, however, not material to the questions involved on this appeal, and hence we shall omit them.

The court further found that plaintiff was without means to prosecute the application, and that $150 was a reasonable amount for attorney's fees.

Upon the foregoing findings, the court made conclusions of law "requiring the defendant to pay to the plaintiff the sum of $997.37," which was the amount the court found that the defendant had failed to pay plaintiff upon the alimony awarded to her in the original decree. The court also required the defendant to pay the sum of $150 as counsel fees. Judgment was entered in conformity to the findings of fact and conclusions of law, from which the defendant appeals.

While in the assignments of error the court's findings are assailed, yet, in view that no part of the evidence is abstracted, and no argument is presented with regard to the insufficiency of the evidence to sustain the findings, these assignments must be deemed abandoned.

The only assignments that we can consider, stating them in counsel's own language, are the following:

"Appellant assigns as error (assignments Nos. 1, 2, 3, 6, and 8) that the court had no jurisdiction to inquire into matters which preceded the entry of the decree of divorce; also (assignments Nos. 5 and 7) that the court erred in ordering defendant to pay the sum of $150 to plaintiff's attorney, defendant not being in arrears on his alimony and not subject to citation for contempt; and also (assignments Nos. 6 and 9) that the court failed to find any facts showing any changed condition or changed position or circumstances of the parties which would justify the making of the further and additional order or decree as entered herein."

It is also insisted that plaintiff misconceived her remedy, in that she should have commenced an independent action instead of making an application in the original divorce action. In view of the relief prayed for and granted by the district court, we can perceive no merit to this contention. The proposition is, however, decided contrary to coun-

sel's contention in *Karren* v. *Karren*, 25 Utah, 87,     2
69 P. 465, 60 L. R. A. 294, 95 Am. St. Rep. 815, where
it is held that an application like the one in question here
should be made in the original divorce action and not by an
independent proceeding.   To the same effect are the follow-
ing, among other, cases: *McKay* v. *McKay*, 125 Cal. 65, 57
P. 677; *McKay* v. *Superior Court*, 120 Cal. 143, 52 P. 147,
40 L. R. A. 585; *Tobin* v. *Tobin*, 29 Ind. App. 382, 64 N. E.
624; *Chambers* v. *Chambers*, 75 Neb. 850, 106 N. W. 993.

The objection that the court was without juris-
diction, as contended by counsel is clearly without     3
merit, and requires no further discussion.

Counsel, as it seems to us, have misconceived, both the
purpose of this proceeding, and the theory upon which the
district court proceeded in granting relief to the plaintiff.
In truth and in fact the district court did not add anything
to nor take anything from the original decree.  Stripped of
all extraneous matter, what the court did, in legal effect,
amounted to the enforcement of the terms of the original
decree in respect to the payment of alimony.   If, for ex-
ample, the defendant had failed to pay a certain proportion
he was required to pay by the original decree, and had dis-
puted plaintiff's right thereto, and plaintiff had instituted
proceedings to compel him to pay the same, there would, we
think, be no difficulty in determining either the nature of
the proceeding or the relief to which plaintiff would be en-
titled.  The only difficulty in this case, therefore, arises out
of the fact that in the original action for divorce the parties
stipulated respecting the nature, character, and amount of
alimony and the payment thereof, and the court accordingly
fixed the amount in the decree that had been agreed upon by
the parties.  Some time after the judgment was entered, how-
ever, it developed that the defendant had misled the plaintiff
respecting the amount of his indebtedness which plaintiff
was required to discharge, and hence she was unable to save
the property from sale by defendant's creditors as found
by the court.  The court found the precise amount that the
property plaintiff received from defendant as alimony was

burdened in excess of the amount that he had represented that it was burdened. In view of that, the plaintiff not only received $997.37 less than it had been agreed and stipulated that she should receive, but she in fact lost nearly all of the rest of the property besides. The district court, however, limited the relief to plaintiff to the precise amount that the property was by it found to have been burdened in excess of the amount that defendant represented and that the plaintiff believed it was burdened when she agreed to receive the same as her allowance for alimony. The district court therefore merely awarded to the plaintiff that to which, under the original decree, she was entitled, and required the defendant to redeem his promise in that regard. True, in accomplishing the result, some language is used in the judgment or decree which, standing alone, might lead one to assume that the court had really undertaken to modify and did modify the original decree respecting the payment of alimony. A mere casual examination of the record will, however, disclose that what was actually accomplished was to require the defendant to pay plaintiff what he had agreed to pay, and what the district court in the original decree had adjudged he should pay. The mere fact that plaintiff agreed to receive property of a stipulated value in lieu of cash in no way affects her right to receive the full amount which the defendant had agreed that she should receive and which the court had approved in the original decree. In view of the nature of the proceeding and the facts found, it is difficult to understand how the court could have arrived at a different conclusion. To hold that plaintiff cannot recover from the defendant the alimony he had agreed to pay, and which was awarded to her in the original decree, would be a reproach to the law, and would be offensive to every man's sense of justice. Nor is there anything to the contrary in any of the cases cited by counsel for defendant. Indeed, none of those cases has any bearing upon the questions here involved, and hence it is not necessary for us to refer to them further.

There is, however, ample authority to sustain the conclu-

sions of law and judgment of the district court. Among other cases to that effect, we refer to the following: *McMurray* v. *McMurray,* 67 Tex. 665, 4 S. W. 357; *Holt* v. *Holt,* 23 Okl. 639, 102 P. 187; *Griswold* v. *Griswold,* 111 Ill. App. 269; *McKay* v. *McKay,* supra; *Tobin* v. *Tobin,* supra. Indeed, in those cases the relief granted was much broader than it is in the case at bar.

Nor is there any merit to the contention that the court erred in granting relief, without a specific finding that the circumstances and conditions of the parties to the original divorce action had materially changed since the original decree was entered. As already pointed out, this is not an application for any or additional alimony, but is merely to obtain the alimony awarded by the original decree. True it is that plaintiff did demand some additional alimony, but the court denied her application in that regard, and hence it is the same as if no application had been made.

It is, however, also insisted that the district court erred in awarding plaintiff counsel fees. The contention cannot be sustained. According to the court's findings, the defendant was clearly at fault, both in failing to comply with the terms of the original decree, and in resisting plaintiff's application to obtain relief. Moreover, plaintiff, as the court found, is wholly without means. Why then should not the defendant be required to provide plaintiff with the means to employ counsel? If any authority is needed to sustain the court's action in that regard, it is found in *Chambers* v. *Chambers,* 75 Neb. 850, 106 N. W. 993.

We are clearly of the opinion that the proceedings of the district court are free from prejudicial error, and that, for the reasons hereinbefore stated, the judgment should be, and it accordingly is, affirmed, with costs to plaintiff.

GIDEON, C. J., and CHERRY and STRAUP, JJ., concur.

THURMAN, J., being disqualified, did not participate.