ANTON MUSSING

*v.*

SERENA MUSSING.

*Filed at Ottawa September 27, 1882.*

ALIMONY—*reasonableness of amount allowed.* On bill for a divorce by a wife against her husband, for extreme and repeated cruelty, it appeared that the parties were married in 1860, and had four children, all sons, aged, at the time of the commencement of the suit, eighteen, seventeen, fourteen and eleven years, and that the husband owned two lots, one occupied as a homestead, worth from $1500 to $3500, and the other without buildings, and used for gardening, worth from $1000 to $2500, and was also the owner of a horse, wagon, harness, furniture, and tools necessary to carrying on the boot and shoe business; that his trade was that of a boot and shoemaker. It further appeared that the wife had supported and clothed the family by gardening and close habits of industry and hard labor, and her labor and earnings had contributed largely in acquiring the lots then held by the husband; that the children had all been reared and inured to habits of industry and frugality from their infancy up, and that the two oldest were then receiving for

their wages, the one $35 and the other $70 a month, which, in contemplation of law, was the property of their father; and that the wife, at the time of the decree, was about fifty years of age, poor, and without means of support, and the evidence also clearly showing that her life, since the marriage, had been one of constant toil and drudgery, and that during at least the last ten years of her life she had scarcely had a kind word from her husband, but, on the contrary, had received nothing at his hands but insult and injury, often culminating in cowardly assaults upon her person, and that the charges of cruelty were true: *Held,* upon granting the divorce, that a decree for alimony giving the wife the lot used for gardening purposes, and requiring her to release to the husband her right of dower and homestead in the other lot, and requiring him to pay the wife's solicitor's fees of $300, shown to be reasonable, was justified and fully warranted.

APPEAL from the Appellate Court for the First District; —heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding.

Mr. JAMES S. MURRAY, for the appellant.

Messrs. SWETT, BATES & HASKELL, for the appellee.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This is an appeal by Anton Mussing from a judgment of the Appellate Court for the First District, affirming a decree of the Superior Court of Cook county, dissolving the marriage between himself and his wife, Serena Mussing, and awarding to her permanent alimony, on the ground of extreme and repeated cruelty.

The propriety of so much of the decree as dissolves the marriage and grants to her a divorce, is not seriously questioned. Indeed, it is substantially conceded, if appellee's witnesses are to be believed, and no reason is perceived why they should not be, the court was warranted in granting the divorce for the cause stated. The real controversy is about that part of the decree which disposes of the question of alimony.

It appears from the record before us, appellant and appellee were married the 16th of October, 1860, and that they

have four children, the fruits of said marriage, all of whom are sons, and still living, namely, Martin,. Oscar, Alfred and John, of the respective ages of eighteen, seventeen, fourteen and eleven years.    The decree gives Alfred, the third son, to the mother, and John, the youngest, to the father, and makes no disposition of the other two, which is equivalent to giving them to the father.    It is apparent from the record, these children have been instructed and inured to habits of industry and frugality from almost their cradles upwards, and the evidence shows the two oldest, for several years past, have found constant employment at remunerative wages, and that they now are receiving, respectively, for their services the sums of $35 and $70 a month, which, in contemplation of law, is the property of the father, and their earnings will so continue to be his until they attain their majority.    The two younger children are doubtless at least self-sustaining. Appellant is by trade a shoe and bootmaker, and the family for several years past has been gardening and keeping a dairy on a small scale, and by these means the wife and smaller children have mainly defrayed the family expenses, including clothing.

Appellant, as appears from the evidence, is the owner of two lots of ground in. the town of Evanston, Cook county, one of which constitutes the homestead, and is variously estimated at from $1500 to $3500 in value.    The other is without buildings, and is used for gardening purposes.    The witnesses estimate this lot at from $1000 to $2500.    In addition to this, appellant is shown to be the owner of a horse, wagon, harness, furniture, and tools necessary to carrying on the shoe and boot business.    The decree finds, and we think the finding is warranted by the evidence, the above real estate is worth, altogether, about $5000; that it is free from incumbrances, and that the same was acquired partly by appellee's own money, and by her earnings since her marriage; that she is about fifty years of age, poor, and without

means of support. In addition to this, the evidence clearly shows her life since her marriage has been one of constant toil and drudgery, and that during at least the last ten years of her life she has scarcely had a kind word from appellant to encourage and cheer her in the performance of her arduous duties, but, on the contrary, she has received nothing at his hands but insult and injury, often culminating in cowardly assaults upon her person. It is true, he denies this, but his wife and all his children contradict him, and he is not sustained by any one. Under these circumstances the court decreed that he should convey to appellee, in her own right, the lot used for gardening purposes above mentioned, and that she should release to him her right of dower and of homestead in the homestead property, and also decreed that he should pay to her solicitors, for their services in the court below, including the taking of testimony and preparing the case for trial, and also for defending the case in the Appellate Court, the sum of $300, which, under the proofs, we regard as reasonable.

We do not feel called upon to further discuss the testimony in the case. That has been ably done by counsel on both sides, and we are satisfied nothing we could say would throw any additional light on the subject. We shall, therefore, content ourselves by simply adding, we are of opinion the evidence fully sustains the findings of the court below, and the decree was justified by the findings, consequently the Appellate Court committed no error in affirming the decree.

The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*