## Karl Keppler
### v.
## August Elser.

*Criminal Conversation—Proof of Marriage.*

1. An action for criminal conversation can not be maintained without proof of an actual marriage.

2. The confession or acknowledgment of the relation by the plaintiff is insufficient to prove the fact of marriage.

[Opinion filed November 9, 1887.]

IN ERROR to the Circuit Court of Cook County; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. CLARENCE F. DORE, for plaintiff in error.

MORAN, P. J. This was an action for *crim. con.*, brought by defendant in error against plaintiff in error, and on the trial in the Circuit Court a verdict for $1,500 was rendered in favor of the plaintiff, for which sum the court gave him judgment. The only evidence to support the case of the defendant in error, was his own testimony, which was substantially as follows: "Am plaintiff; have known Keppler, defendant, several years; about four years ago I was living at North Avenue and Sedgwick Street with my wife and three children. Heard Keppler was coming around my house late at night when I was away from home. I used to go out hunting for several days, and he would find it out and come around to my wife. I watched him, and one night in May, 1883, about 12 o'clock, he came and knocked at the front door and was let in. I run over and opened the door and rushed in; he ran out at the back door from my wife's bedroom. I ran after him but fell down, so that he got away. Afterwards he heard that I was going away but I didn't. About 1 o'clock in the morning I heard some one knocking at the front door; I went and opened it and there was Keppler; as soon as he seen me he turned and ran off. I accused him in presence of my wife and told him I would shoot him; my wife said to him, 'you have ruined me and my family;' he said nothing but came and wanted me to settle it. Afterwards got divorced. Lived with my wife about three months after I saw Keppler there."

On plaintiff resting his case, defendant below moved to exclude the evidence, as being insufficient to sustain the action, and the court overruled the motion, to which ruling exception was duly taken and upon such ruling error is assigned. It is the well settled rule of law that an action for criminal conversation can not be maintained without proof of an actual marriage.

In other civil cases cohabitation, reputation or acknowl-

edgment by the persons passing as man and wife, is generally sufficient; but for the reason that this action is, as was considered by Lord Mansfield, in the nature of a criminal prosecution, a marriage in fact must be proved, as in prosecutions for adultery. So strictly was the rule applied in such cases in England that it was held by Parke B., in Cathwood v. Carlon, 13 M. & W. 261, that the plaintiff is bound to prove a marriage valid in all respects, and that it was not sufficient *prima facie* evidence on his part to show that he and his alleged wife went through a religious ceremony with the intention of contracting a marriage, and afterward lived together as man and wife, if in law such marriage was not valid. Undoubtedly, in this country, where the law makes no requirement of ecclesiastical sanction, such a marriage as was proven in that case would be perfectly valid; but the rule requiring evidence of an actual marriage in a case like this, in contradistinction to evidence of reputation or acknowledgment, is fully recognized and sustained by the courts. Kibby v. Rucker, 1 A. K. Marsh. 290; Fowler v. Reed, 4 Johns. 53; Miner v. People, 58 Ill. 59; Forney v. Hallacker, 8 S. & B. 158.

It is very clear that there was no evidence of an actual marriage introduced on the trial of this case. Plaintiff having used the words "my wife" in testifying, no more than admitted or acknowledged the relation. It was evidence of the marriage by the confession or acknowledgment of one of the parties to the relation, and was of the kind that all the cases declare insufficient to prove, in such a case as this, the fact of marriage.

The evidence introduced by plaintiff failed to make his case, and for the error of the court in overruling the motion to exclude it, the judgment must be reversed and the case remanded.

*Reversed and remanded.*