## WINFIELD S. JOHNSON
### v.
## MARY E. JOHNSON.

*Divorce—Adultery—Custody of Child—Alimony.*

1.   In a suit by the wife resulting in a divorce on the ground of adultery it is held that the wife was entitled to the custody of her three-year-old daughter; that a solicitor's fee of $75 allowed her was not excessive, and that she was properly allowed $2,000 alimony.

2.   While a decree of divorce, giving the wife the custody of her infant child and allowing her alimony, should specify the amount intended for herself and her child respectively, failure to so specify is not reversible error.

[Opinion filed October 8, 1890.]

IN ERROR to the Circuit Court of Perry County; the Hon. BENJ. R. BURROUGHS, Judge, presiding.

Johnson v. Johnson.

Mr. Benjamin W. Pope, for plaintiff in error.

Mr. S. G. Parks, for defendant in error.

Reeves, J.   Defendant in error secured a decree of divorce from plaintiff in error on a charge of adultery.   The charge was not denied and no complaint is made that a divorce was granted.   The Circuit Court awarded to defendant in error, the care, custody and control of the child of the parties, a girl three years old, and allowed her $2,000 alimony, to be paid in equal installments in six, twelve, eighteen and twenty-four months.   This allowance is the chief ground of complaint against the decree.   Four errors are assigned.   The first is that the court erred in giving the custody of the child to the mother.   The justice and wisdom of this part of the decree is so manifest and so generally sustained by the adjudged cases that we do not feel called upon to notice it further.

The second error assigned is that the court erred in allowing complainant a solicitor's fee of $75.   It is said this allowance was excessive.   A sufficient reply to this is that the evidence preserved in the record fully sustains it as a reasonable one and there is no evidence to the contrary.   Two witnesses testified that a reasonable fee in the case would be from seventy-five to one hundred dollars and no other evidence was offered.   The third error assigned is that the court erred in decreeing $2,000 to the complainant as alimony.   Undoubtedly, unless special reason to the contrary exists, the better mode of granting alimony is by an annual allowance, but in this case alimony in bulk was allowed by the agreement of the parties.   In determining the amount of an award of alimony a number of things are proper to be considered.   The character of the cause for which the divorce is granted is one.   The more serious the offense upon which the divorce is granted, the stronger the case of the injured wife appeals for liberal alimony.   The ability of the parties physically to provide support is another consideration.   The social position and standing of the parties in the community

where the parties live is to be considered in determining the amount of the allowance to the wife. Foote v. Foote, 22 Ill. 425. The innocent party should not be left to suffer pecuniarily for having been compelled by the conduct of the other to seek a divorce. Mussing v. Mussing, 104 Ill. 126. The amount of the property and income of the husband is, perhaps, the most controlling consideration, still, the fact that the husband has no property or fixed income does not cut off the wife's right to have an allowance of alimony. Parker v. Parker, 61 Ill. 372. In this case the cause for which the divorce was granted was of the gravest character. It is the only cause which is regarded as furnishing a scriptural ground for divorce. It is sufficient to sustain a decree of divorce even though the party charging and proving it, may have been guilty of the other statutory grounds for divorce. Bast v. Bast, 82 Ill. 584.

Again, these parties are not equal, physically, to provide for their support. The wife is shown not to be in vigorous health. The husband, while claiming that his wife usually had good health, testified that she had borne him six children. She is one year his senior, being thirty-nine, and he thirty-eight. These people were in good standing in the community, living in a well furnished house and moving in the best society. He was a successful merchant, and both members of a church. The marriage relation having been terminated by no fault of the wife, she ought not be made to suffer pecuniarily. Mussing v. Mussing, *supra*. The decree finds that plaintiff in error had property of the value of $4,250, after deducting his indebtedness, and not including his interest in his father's estate, that would come into his possession after his mother's death, and not including his cash on hand and certain notes and accounts. The evidence would fairly have supported a finding that the plaintiff in error was worth, including his expectancy from his father's estate, $6,000, over and above his debts, and we think $2,000 a fair and reasonable allowance to the wife. The interest on this sum would not pay the board of the wife and child, leaving the balance of board and all other expenses of living to be provided by her labor.

Lastly it is urged as a ground of reversal of the decree that it does not provide for the support of the minor child.   The wife by asking and assuming the care and custody of the child assumed the duty and obligation of its support.   By accepting the provisions made for her by the decree, that amount included all she was entitled to from her husband. She having asked for and received the care and the custody of the child, she is bound for its support.   Dawson v. Dawson, 110 Ill. 279.   Where an allowance is made to the wife for the support of herself and child, it would be the better practice to specify the amount allowed the wife for her personal support and the amount allowed her for the support of the child, but a failure to do so we do not deem such an error as should reverse the decree.   Finding no sufficient reason for the reversal of the decree it is affirmed.

*Decree affirmed.*