### John W. Steele v. The People,. etc., for the use, etc.

1. PARENT AND CHILD—*Support of the Child.*—The duty which ·the father owes to the public to support an infant child is not affected by proceedings for divorce by the' mother against the father. The fact that he has been adjudged to be unfit,to have the care and custody of his child does not release him from either his natural or legal duty to support it.

2. PRACTICE—*When One Cause is Not a Bar to Another.*—Unless there are between two actions, identity of parties, of subject-matter and of cause of action, the first will not constitute a bar to the second.

3. COUNTY COURTS—*Jurisdiction to Compel Parent to Support His Infant Child.*—The County Court is the proper forum under the statute for proceedings to compel a parent to support his infant child.

**Action for Support.**—Error to the County Court of Cook County; the Hon. JOHN H. BATTEN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899., Affirmed. Opinion filed April 4, 1900.

JOHN H. KANE, attorney for plaintiff in error.

LOUIS B. ANDERSON, attorney for defendant in error; ROBERT S. ILES, of counsel.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This proceeding was instituted in the County Court by the State's attorney in the name of the People of the State to compel the plaintiff in error to support his infant son. Upon final hearing the court ordered that plaintiff in error

pay into the hands of the clerk of that court $2 per week for the use and support of said infant child. An appeal was prayed by plaintiff in error and allowed in the County Court upon the filing of a bond in the penal sum of $500. No bond was filed and the proposed appeal was not perfected. A motion by plaintiff in error to vacate said order was denied by the County Court. Thereupon, a transcript of the record was filed in this court. An application for a supersedeas was considered and denied.

It appears that January 4, 1892, the wife of plaintiff in error obtained a decree of divorce from him in the Superior Court of Cook County, in and by which it was ordered, adjudged and decreed that said wife should " have the care, custody, control and education " of said infant child. There was no provision in said decree for the payment by plaintiff in error of any sum for the support or maintenance of said child. In October, 1898, a supplemental petition was filed in the Superior Court in said divorce proceeding, praying that plaintiff in error be compelled to pay a reasonable amount for the maintenance of his divorced wife and of said infant child. The prayer of that petition was denied.

The only ground presented to this court upon which a reversal of the order of the County Court is asked, is that said County Court had no jurisdiction in this matter. The reason assigned is that the jurisdiction of the Superior Court in said divorce proceeding was full, complete and exclusive. That position is not tenable. The duty which the father owes to the public to support an infant child is not affected by proceedings for divorce by the mother against the father. And the plaintiff in error has not in this case the excuse that the Superior Court decreed that he should pay to the mother any sum for the support of this child. He is not paying anything for that purpose, but leaves his infant son to be supported by public charity and as a pauper, while he is receiving a salary of $25 per week. The fact that plaintiff in error was adjudged by the Superior Court to be unfitted to have the care, custody and control of this child did not release him from either his

natural or legal duty to support that child. Plaster v. Plaster, 47 Ill. 292.

As plaintiff in error was not, by the decree of the Superior Court, released from his legal duty to support his child, we can not see any sound basis for the contention that the public is estopped by that decree from proceeding in the County Court to compel the father to perform that duty and thus protect the public from being compelled to support the child as a pauper. No one representing or authorized to speak for the public was connected in any manner with the divorce case. Unless there be between two actions, identity of parties, of subject-matter and of cause of action, the first will not constitute a bar to the second. (Wright v. Griffey, 147 Ill. 498.) There is no such identity between the divorce case in the Superior Court and this proceeding.

The County Court is the proper forum under the statute for proceedings like the one at bar. . It is not necessary to review the many cases cited by counsel for plaintiff in error. They are not applicable. No case is cited which sustains the contention of counsel for plaintiff in error that the County Court had no jurisdiction.

The order and decree of the County Court is affirmed.