## Andrew Konitzer v. Mary Konitzer.

### Gen. No. 10,968.

1.  SUPPORT MONEY FOR CHILD—*relation of, to alimony.*  Under the Divorce Act of this state alimony for the maintenance of the wife and support money for the benefit of the child are deemed separate and distinct.

2.  SUPPORT MONEY FOR CHILD—*effect of acceptance by wife of gross sum in discharge of alimony.*  Notwithstanding a woman may have ac-

cepted a gross sum in discharge of all her claim for alimony, yet she may thereafter, if the custody of the child or children of such marriage have been committed to her, apply for and obtain an allowance for its or their support and education.

Proceeding under the Divorce Act to obtain support money for child. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed March 1, 1904. Re-hearing denied March 25, 1904.

**Statement by the Court.** May 15, 1899, the Circuit Court of Cook County in a cause in which appellee was complainant and appellant respondent, entered a decree granting to her a divorce from appellant and also award-ing her "in full of alimony and solicitor's fees, six hundred dollars." The decree also gave to appellee "the custody, control and education of Nicholas Raymond Konitzer," the child of said parties, then twenty-two months old.

November 26, 1900, appellee filed in said cause her peti-tion praying that appellant be ordered to pay to her a further sum for the support of said minor child. Appellant filed his answer to said petition and the evidence was heard by the chancellor who, July 1, 1902, entered an order that appellant pay to appellee for the support of said minor child ten dollars per month, until the further order of the court.

A. N. TAGERT, for appellant.

CHARLES O'DONNELL, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

Our statute, section 18, chapter 40, R. S., provides that when a divorce is decreed, the court "may make such order touching the alimony and maintenance of the wife, the care, custody and support of the children as shall be just." "Alimony and maintenance of the wife" is by the terms of the statute made distinct and separate from "the support of the children." The fact that "the custody, con-trol and education" of the child of these parties was by the decree given to appellee, the mother, did not impose

upon her the burden of its support, nor release appellant, the father, from that duty. " If children are committed to the wife, the proper form of the decree specifies that she is to have so much for alimony and so much for providing for them. Yet by a loose practice, the two are not infrequently blended, either under the double name, for one sum, or under the single name of alimony." Bishop, Mar., Div. and Sep., sec. 1020. In Foote v. Foote, 22 Ill. 425, the cause was remanded with directions to allow the wife as alimony six hundred dollars a year and a further sum of four hundred dollars per year for the support of the children committed to her custody.

The case of Plaster v. Plaster, 47 Ill. 290, is conclusive against the contention of appellant that the Circuit Court had no power after appellant had paid and satisfied the decree for alimony, to enter an order that he pay a further sum for the support of his child. In that case, as in this, alimony in gross was decreed to the wife and paid, and the decree of divorce committed the custody of the children to her. Twelve years after this decree was entered, the wife filed in the cause a petition for an allowance for the support of the children and also for further alimony and it was held that the alimony awarded being in gross, was in discharge and satisfaction of all future claims of the wife for her own support, but that such decree did not impose upon her the duty to support the children nor impair the obligation of the father to support them and that she was entitled to an order in the cause for such sum for the support of the children as was reasonable.

With the amount of the decree, ten dollars per month for the support of a boy five years old, appellant certainly has no just cause of complaint.

The order appealed from will be affirmed.

*Affirmed.*