## George Hardy, Appellee, v. Gideon C. Bach, Appellant.

## Gen. No. 17,091.

1. APPEAL AND ERROR—*presumption on failure to abstract docu-
ment.* On a failure to give any information in the abstract of
record as to the nature and contents of a document introduced in
criminal conversation to prove a valid marriage, the court will
assume that it was sufficient for the purpose for which it was
offered, and that the marriage was properly proven.

2. HUSBAND AND WIFE—*criminal conversation.* Proof of the
reputation of a wife for chastity, and specific acts of unchastity
prior to her marriage, while no defense in criminal conversation,
is admissible in mitigation of damages.

Appeal from the Circuit Court of Cook county; the Hon. MAZZINI
SLUSSER, Judge, presiding. Heard in the Branch Appellate Court
at the October term, 1910. Reversed and remanded. *Opinion filed
October 3, 1912.*

TINSMAN, RANKIN & NELTNOR, for appellant.

CHARLES R. NAPIER and CHARLES S. MCILVAINE, for
appellee.

MR. JUSTICE MCSURELY delivered the opinion of the
court.

This is an action on the case by George Hardy,
charging Gideon C. Bach with criminal conversation
with Margaret Hardy, plaintiff's wife. The jury re-
turned a verdict for $1,000.

Counsel for defendant argue that a valid marriage
between George Hardy and Margaret Hardy was not
proven. As was said in Keppler v. Elser, 23 Ill. App.
643: "The plaintiff in a case of this kind is bound to
prove a marriage valid in all respects." The plaint-
iff, to prove the marriage, introduced in evidence a
document which is described in the abstract as
"Plaintiff's Exhibit C." Counsel not having seen fit
to give us any other information in the abstract of

record as to the nature and contents of this document, we must assume that it was sufficient for the purpose for which it was offered and that the marriage was properly proven.

The defendant offered to prove the reputation of Margaret Hardy for chastity, and specific acts of unchastity by her prior to her marriage to the plaintiff. Such evidence, while no defense is admissible in mitigation of damages. Sanborn v. Neilson, 4 N. H. 501; Conway v. Nicol, 34 Ia. 533; Smith v. Hockenberry, 138 Mich. 129; Rea v. Tucker, 51 Ill. 110; 2 Greenleaf on Evidence, Section 56.

The ruling of the trial court in not permitting the introduction of such evidence was reversible error. Therefore the judgment is reversed and the cause remanded.

*Reversed and remanded.*