JOHNSON v. LATTY.

(District Court, N. D. Ohio, E. D. December 15, 1912.)

No. 7688.

DIVORCE (§ 324*) — DECREE — SUPPORT OF CHILDREN — LIABILITY FOR NECESSARIES.

A decree, divorcing plaintiff from defendant, gave her the custody of their infant child and adjudged that he pay plaintiff $100 a month until February 1, 1909, and $108.33 for five years thereafter, out of which the child was also to be cared for, but declared that, in the event of plaintiff's marriage, the alimony should from that day cease, but defendant should not be thereby relieved from his liability to support the child. *Held*, that plaintiff having remarried and having expended certain sums in Ohio, Indiana, Illinois, and Virginia for necessaries furnished the child, she was entitled to recover reimbursement therefor pursuant to such decree under the laws of each of such states.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 826; Dec. Dig. § 324.*]

In Equity. Suit by Edith Pettit Johnson against Samuel D. Latty. On demurrer to plaintiff's amended petition. Overruled.

Squire, Sanders & Dempsey, of Cleveland, Ohio, for plaintiff.

M. B. & H. H. Johnson, of Cleveland, Ohio, for defendant.

DAY, District Judge. This matter arises on a demurrer filed to the plaintiff's first amended petition. In this pleading the plaintiff alleges, in substance, that on October 26, 1892, she was married to the defendant; that on October 9, 1900, there was born to the plaintiff, as a result of this union, Helen Marie Latty; that on July 2, 1904, the court of common pleas of Cuyahoga county, Ohio, rendered a decree divorcing the plaintiff from the defendant, giving her the custody of the child, adjudging that the defendant should pay to the plaintiff $100 a month until February 1, 1909, and $108.33 a month for five years, beginning March 1, 1909, with the privilege of discounting the future payments as alimony, out of which the child was also to be cared for, and further provided that:

"In event of the marriage hereafter of Edith Pettit Latty, the alimony herein allowed shall from that date cease and determine. Samuel D. Latty shall not, however, be thereby relieved from his liability to support Helen Marie Latty."

It is alleged that this decree is still in force; that up to and including January 31, 1905, the defendant paid the alimony as ordered in the decree; that on February 1, 1905, the plaintiff married one H. D. Johnson; that thereafter the defendant made no further payments to the plaintiff; that the plaintiff has paid sums aggregating $10,000 for the support, education, and maintenance of the child; that of said sums about $1,000 was expended in Ohio, about $6,000 in Indiana, about $1,000 in Illinois, and about $2,000 in Virginia; and that by reason of the foregoing facts she is entitled to reimbursement from the defendant in the sum of $10,000.

The demurrer directly raises the question whether the divorced husband is liable for the necessaries furnished in each of the four states, Ohio, Indiana, Illinois, and Virginia. Counsel agreed, upon oral argument, that the court might consider an agreement entered into between the parties, prior to the divorce decree; but I do not find it necessary to consider this agreement, in order to decide the question as submitted to me on demurrer. The question which is presented for decision is whether or not the divorced husband, under this divorce decree, is liable for the necessaries furnished by the wife for the minor child in the several states.

It must be borne in mind that the divorce decree after providing for alimony, and after providing for a release of this alimony, in case of the wife's remarriage, specifically provides that the defendant shall not, however, be thereby relieved from his liability to support Helen Marie Latty. It is well established in Ohio that the obligation of a father to provide reasonably for the support of his minor child, until the latter is in a position to provide for his own support, is not impaired by a decree which divorces the wife by reason of the husband's misconduct and gives to her the custody, care, and culture of the child,

and allows her a sum of money as alimony, but with no provision for the child's support. Pretzinger v. Pretzinger, 45 Ohio St. 452, 15 N. E. 471, 4 Am. St. Rep. 542. This is one of the acknowledged leading cases of the country, bearing upon the subject now under consideration. It is contended by the defendant that by the law of Indiana no obligation is imposed upon a divorced husband to reimburse his former wife for sums by her expended for necessaries, furnished to their children, granted to her custody, unless, of course, the divorce decree ordered such reimbursement. The defendant cites, in support of this doctrine, the cases of Husband v. Husband, 67 Ind. 583, 33 Am. Rep. 107, and Ramsey v. Ramsey, 121 Ind. 215, 23 N. E. 69, 6 L. R. A. 682. In both of these cases, there was no provision made in the divorce decree for the support of a minor child or children. The reading of these cases makes it plain that, if the divorce decree provides for the support of the child, a claim on behalf of the divorced party would be sustained. In the case at bar, the divorce decree, in providing for the alimony in aggregate amounts, provides that from that sum the plaintiff is to care for the child, Helen Marie Latty, and further provides that the obligation of the father to support the child shall not be, by reason of the remarriage of the mother, a release of the father from the obligations to pay the amount which might be strictly termed alimony. The two Indiana cases recognize the doctrines that the obligation springs from an implied contract. But the court says, in the Ramsey Case, at page 220 of 121 Ind., at page 71 of 23 N. E. (6 L. R. A. 682):

"Slight evidence may sometimes warrant the inference that a contract for the infant's necessaries is sanctioned by the parties. The evidence of a contract may grow out of any infinite variety of circumstances."

In the case of Conn v. Conn, 57 Ind. 325, the court of Indiana, dealing with the suggestion relating to the support of minor children, says:

"The decree does not deny the right of the children to be supported and educated by their father, nor is he absolved from such obligation by the decree. Such right and obligation are the same as though no divorce had been decreed, or the custody of the children had not been given to the mother."

The case of Logan v. Logan, 90 Ind. 107, recognizes and establishes the doctrine in Indiana that, when a divorce is granted, the court has full authority to provide for the support of the children. At page 111 of 90 Ind., the case of Husband v. Husband, 67 Ind. 583, 33 Am. Rep. 107, is considered, and it is held to conflict in no way with this decision. The court says, referring to Husband v. Husband:

"This was an action by the divorced wife against the divorced husband, to recover from him for the support of a child, whose custody had been awarded to her when the divorce was granted. It is held, simply, that having taken a decree for divorce and the custody of the child, without having obtained a provision for its support, she could not recover in the manner attempted."

In Leibold v. Leibold, 158 Ind., at page 60, 62 N. E. 627, the court holds that, when a father has so conducted himself that it is necessary and proper to deprive him of the custody of his minor child, he is not thereby relieved from his duty to support such child. The court cites,

with approval, from Bishop upon Marriage and Divorce, §§ 1223–1224, wherein this authority says:

"It is not the policy of the law to deprive children of their rights on account of the dissensions of their parents, to which they are not parties, or to enable the father to convert his own misconduct into a shield against parental liability."

Considering the Indiana authorities, I reach the conclusion that, under the law of Indiana, the divorced husband, under this Ohio decree of divorce, is liable for necessaries furnished the minor child.

It is contended that, while the decisions of Illinois are not so explicit as the decisions of Indiana, yet that under the Illinois law the plaintiff would not be entitled to a recovery. The case of Dawson v. Dawson, 110 Ill. 279, and the case of Johnson v. Johnson, 36 Ill. App. 152, are cited in support of this doctrine.

The case of Dawson v. Dawson is not at all instructive, and has no bearing on the question here presented.

The case of Johnson v. Johnson raises the question of the sufficiency of an alimony allowance, which, under the decree provided for what might strictly be termed alimony, and the support of the child, and in no way discusses the question presented by this case at bar.

On the contrary, it is the well-established law of Illinois that a decree dissolving the marriage relation, giving the custody of the children to the mother, allowing a sum in gross as her alimony, does not impair the obligation of the father to support the children. Plaster v. Plaster, 47 Ill. 290; Steele v. People, 88 Ill. App. 186; Konitzer v. Konitzer, 112 Ill. App. 326. So it is very clearly established that the defendant is liable for the child's support under the circumstances of this proceeding.

No cases are cited by either side, citing the liability of the divorced husband for the child's support, under the law of Virginia; but section 3795C of the Virginia Code of the issue of 1904 renders the father primarily liable for the support of the child, and doubtless the law of Virginia is the law of most of the states of the Union, that the husband, under the circumstances of the situation presented by this petition, is liable for the support of a minor child whose custody has been granted to the wife, with a provision for support in the divorce decree.

The obligation is recognized by the Supreme Court of the United States in Dunbar v. Dunbar, 190 U. S. 351, 23 Sup. Ct. 761, 47 L. Ed. 1084. The Supreme Court, in holding that a father's obligation to support his minor children is not relieved by proceedings in bankruptcy, says:

"At common law, a father is bound to support his legitimate children, and the obligation continues during their minority. We may assume this obligation to exist in all the states. In this case the decree of the court provided that the children should remain in the custody of the wife, and the contract to contribute a certain sum yearly for the support of each child during his minority was simply a contract to do that which the law obliged him to do; that is, to support his minor children. The contract was a recognition of such liability on his part."

The facts stated in the petition plainly indicate that in the divorce decree it was the intent of the parties that Edith Pettit Latty should be divorced from her husband; that she should have the custody of their child, Helen Marie Latty, during her minority; that the divorced husband, Samuel D. Latty, should pay to this divorced wife certain sums of money, out of which payments the divorced wife was to care for the child so far as the alimony would pay; that is, that out of this gross sum she should pay for the child's support, but providing further in the decree that if Latty, the divorced husband, was relieved from paying the alimony, he should not be relieved from his liability for the support of the child. It is clearly the intention of the parties that even in case of remarriage the defendant should not be relieved from supporting his child. This was his common-law obligation; this is his obligation under the laws of the state of Ohio; and under the facts in this case, with the provisions of this divorce decree, it is the law of Indiana, of Illinois, and of Virginia.

The demurrer will be overruled, with exceptions granted.