## TERRITORY *v.* JOSEPH QUINI.

## No. 932.

APPEAL FROM DISTRICT MAGISTRATE OF HONOLULU.

SUBMITTED APRIL 25, 1916.                    DECIDED MAY 13, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

PARENT AND CHILD—*divorce—criminal law—jurisdiction.*

> In a prosecution under section 2970, R. L., for refusing to pro-
> vide support and maintenance for his minor children, it is no
> defense on the part of the accused that his wife has been de-
> creed a divorce, alimony, and the custody of their minor children
> (the decree being silent as to their support). In such case the
> district court has jurisdiction to convict the defendant, to sus-
> pend sentence for one year, and to require him to pay $2.50 weekly
> for support of his two minor children and to require him to give
> bond to secure such weekly payments.

OPINION OF THE COURT BY QUARLES, J.

The defendant was arrested about 4:30 P. M., February
11, 1916, when about to leave for Japan on a steamer that
was to sail at 5 P. M. on that day. The following morning
he was arraigned in the district court of Honolulu and
pleaded not guilty to the following charge:

"That Joseph Quni, at Honolulu, City and County of
Honolulu, Territory of Hawaii, during one week last past
prior to and including the 11th day of February, A. D.
1916, being then and there the father of certain children
to wit: Walter Quni and George Quni, of the age of two years
and five years, respectively, did wilfully neglect and refuse
to provide for the support and maintenance of the said
children, thereby reducing the said children, to destitute
and necessitous circumstances, and did then and there and
thereby violate the provisions of section 2970 of the
Revised Laws of Hawaii, 1915."

At the hearing the venue was admitted by the defend-

ant and Emma Quini, the divorced wife of the defendant, testified as follows:

"I reside here in Honolulu. I was the wife of the defendant, Joseph Quni. We have 2 children, George, 4 years and 4 months; and Walter 1 year and 8 months. They are in my custody now. I am divorced from my ex-husband, on May 1, 1915. He had not paid anything for their support and maintenance since that divorce was granted. I am not able to support and maintain these children. I had been sick for about 10 months. I have been in the hospital for sometimes. Yes, sir, the children were in need of support. They had no property of any kind, and no money for their support. They are absolutely without any. My ex-husband was trying to go away on the steamer Shinyo Maru. He was arrested about half past 4, in the afternoon of Febr. 11th, the same day I swore out the warrant for his arrest. The steamer was to leave at 5 o'clock. He did not inform me that he was going away. I learn it by accident. A week ago Monday my husband paid me the last payment for the alimony, as he was required under the decree of divorce.

"I did not say that the defendant did not pay anything for 2 weeks for the 2 children. On Febr. 7, he paid me $15.00 and on Febr. 12th, he paid $7.50. I was not paid in advance. (Two receipts were offered and received in evidence as 'Defendant's Exhibits 2 and 3') That's all he had been paying $7.50 since the divorce, and out of that, I had been supporting the children. I never claimed anything else for the support of the children since the divorce on May 1, 1915.

"My ex-husband is a strong and able bodied man. Was working at M. Levy & Co. at $85.00. It will require $10.00 a week for the support of the children. I don't pay rent. Am living with my mother. I presume he has money enough to leave the Territory. I don't know if he had money to pay for his attorney."

A copy of the decree of divorce was admitted in evidence. C. F. Peterson testified that when defendant was brought into the police station on the 11th of February he asked the defendant how long he (defendant) expected to be absent, to which defendant replied that he (defendant)

was going away for an indefinite period, probably five or six months. The witness then asked the defendant if he (defendant) had made any provision for the support of his wife and children and that the defendant said he had not, but intended after he arrived in Japan to make an arrangement for them whereby they would be paid money until his return.

At the close of the evidence the defendant moved that he be discharged upon grounds that are embraced in the notice and certificate of appeal, but the motion was denied and the district magistrate found the defendant guilty, suspended sentence for one year, and made an order that the defendant pay to Emma Quini for the support of his two infant children, Walter and George, $2.50 per week, payable weekly, for the period of one year from the date of conviction, and further ordered that he give bond for securing such payments in the sum of $150, the bond to run to Emma Quini for said children, conditioned that upon failure to make such weekly payments the bond be enforced for the penalty thereof.

The points of law stated in the certificate of appeal are as follows.

"1. That the court is without jurisdiction to try said defendant on said charge;

"2. That it affirmatively appears that the defendant could not be guilty of said charge and has not deserted his children or refused or failed to support them, in that it appears from the evidence that the only children defendant has are those born of his marriage with Emma Quini, the complaining witness herein, and that the said defendant and said Emma Quini were absolutely divorced on the first day of May, 1915, by the circuit court of the first judicial circuit, Territory of Hawaii, and that in the decree of said cause, the custody and control of the children of said marriage, being the same children mentioned in this complaint, was taken from the defendant and given to the complaining witness, Emma Quini;

"3. That it affirmatively appears from the evidence and records in the case that Joseph Quini, the defendant, could not be charged with the support of said children, as the same had been taken from him and given to Emma Quini by decree of the circuit court of the first judicial circuit in the divorce proceedings aforesaid;

"4. That this complaint is an attempt to have the district court of Honolulu modify, amend and nullify a decree of the circuit court of the first judicial circuit, to wit, the decree of divorce in the case of Emma Quini vs. Joseph Quini, D. no. 5359, Reg. 5, page 329, and that the facts alleged in said complaint are res adjudicata by reason of said cause, and that this court is without jurisdiction, by reason of said decree, to try the defendant upon the complaint now made against him; which motion was denied by the court from which decision defendant appeals to the supreme court."

The decree of divorce is in the usual form, provides for permanent alimony to the wife in the sum of $7.50 per week, out of which she should pay the cost of the proceeding and $25 to her attorney. The only reference to the children in the decree is in the following words: "The custody and keeping of the two (2) minor children of libellant and libellee is hereby awarded to libellant." The vital, if not the only, question to be decided is whether or not the decree of divorce awarding the custody of the children to the divorced wife and awarding her permanent alimony exempted the husband and father of the children from the duty of supporting them. This requires a construction of the decree for the purpose of ascertaining from the language used whether it was intended to provide for the maintenance and support of the minor children or leave that matter to be determined according to rules of law. The evidence of Mrs. Quini that the defendant had during no part of the time since the decree of divorce furnished any support for the children and that their necessities required such support is evidently based upon the assumption that the ali-

mony allowed was intended for the wife alone and no part thereof was intended for the children. If this assumption is correct, as we hold it to be, the charge against defendant was proven, he was rightly convicted, and the district magistrate was authorized under the provisions of Sec. 2970, R. L., supplemented by Act 100, S. L. 1915, to suspend sentence and require the bond, which he did require.

Both at common law and by statute (R. L. Sec. 2993) the father is charged with the support and maintenance of the children of the marriage during their infancy. It is manifest that children of the ages of two and five years are incapable of supporting themselves and that it is necessary that they be supported and maintained. The evidence established that the defendant is an able-bodied man and capable of earning, and has earned for some time, $85 per month. There is nothing in the language of the decree which shows that any part of the alimony awarded the wife was intended for the support of the infant children, or that it intended to shift the duty of providing for their support from the husband to the wife. The fact that the law imposes this duty upon the father, and he has ability to discharge this duty, in the absence of language to the contrary, tend to show that the decree was not intended to exempt the father from the duty of providing the means for maintaining and supporting the infant children. We must look, however, for further light by examining cases where the effect of similar decrees has been determined. But first we will examine the principal cases relied on by the defendant:

*Brow* v. *Brightman,* 136 Mass. 187, was an action of assumpsit by a third person who had furnished necessaries to an infant at the request of the mother who had been divorced and granted the custody of the infant; *Brown* v. *Smith,* 30 L. R. A. 680, was a suit by the divorced wife, to whom had been awarded the custody of minor children, to

recover for their maintenance against the estate of. the divorced husband; and *Rich* v. *Rich,* 34 N. Y. S. 854, was a suit by the wife to recover for past services furnished an infant child awarded to her in a divorce decree. It was held in each of these cases that the wife could not recover. In *Husband* v. *Husband,* 67 Ind. 583, 33 Am. Rep. 107, the divorced wife to whom had been awarded the custody of the minor children sued for a large sum for their support. The divorce decree allowed her as alimony the sum of $1500. A statute was then in force in Indiana in which it was provided that "the court in decreeing a divorce shall make provision for the guardianship, custody and support and education of the minor children of such marriage." The court properly held under that statute that the $1500 allowed the wife was intended for the support of the minor children and that she could not recover in that suit. We have no such statute in this jurisdiction, our statute saying "may" instead of "shall," so that we think that this and other Indiana cases do not apply. The decisions in *Dawson* v. *Dawson,* 110 Ill. 279 and *Johnson* v. *Johnson,* 36 Ill. App. 152, support the contention of the defendant that the custody of the minor children being awarded to the mother the father is exonerated from the obligation of caring for them, but by statute and judicial decision another rule now prevails in Illinois, as we will later show.

If this were a civil action brought by the mother to recover compensation for supporting and maintaining the minor children the authorities relied on by the defendant would apply. But they are in the minority, the majority holding that the award of the custody of minor children to the mother in a divorce decree which allows her alimony but is silent as to the support of the children does not release the father from the legal duty of furnishing the means reasonable and necessary for their support. The minority decisions hold that the duty of supporting a

minor child and the right of his society and earnings are reciprocal and that depriving the father of these rights exempts him from the duty of supporting the minor child. The large majority of the decisions, especially the later ones, that are in point, hold that the husband is legally bound to support his wife; that he is also bound to support his minor children; that the duties are separate and distinct; that the children are not parties to a divorce suit, and although the decree of divorce may award their custody to the mother and allow her alimony, yet if such decree is silent as to the support of the children the husband and father remains liable for their support and is not exempt from such liability by reason of the divorce decree. To this point see the following authorities:

14 Cyc. 811 et seq.; 9 R. C. L., subject "Divorce," paragraphs 295, 296, 297; *Evans* v. *Evans*, 125 Tenn. 112, 140 S. W. 745; *Spencer* v. *Spencer*, 97 Minn. 56; *Brown* v. *Brown* (Ga.), 64 S. E. 1092; *Riggs* v. *Riggs*, 91 Kan. 593, 138 Pac. 628; *Montpelier* v. *Elmore*, 71 Vt. 193; *Alvey* v. *Hartwig*, 106 Md. 254; *McCloskey* v. *McCloskey*, 93 Mo. App. 393; *Stanton* v. *Willson*, 3 Day 37, 3 Am. Dec. 255; *Graham* v. *Graham*, 38 Colo. 453; *Pretzinger* v. *Pretzinger*, 45 Ohio St. 452; *Zilley* v. *Dunwiddie*, 98 Wis. 428; *Gibson* v. *Gibson*, 18 Wash. 489; *Holt* v. *Holt*, 42 Ark. 495; *Mc-Goon* v. *Irvin*, 1 Pinn. 526, 44 Am. Dec. 409; *Thomas* v. *Thomas*, 41 Wis. 229; *Ditmar* v. *Ditmar*, 27 Wash. 13; *Buckminster* v. *Buckminster*, 38 Vt. 248, 88 Am. Dec. 652; *Dolloff* v. *Dolloff*, 67 N. H. 512; *Rankin* v. *Rankin*, 83 Mo. App. 335; *Courtright* v. *Courtright*, 40 Mich. 633; *Glynn* v. *Glynn*, 94 Me. 465; *Tuggles* v. *Tuggles* (Ky.) 30 S. W. 875; *Steele* v. *People*, 88 Ill. App. 186; *State* v. *Rogers*, 2 Marv. 439. A well considered case is that of *Alvey* v. *Hartwig*, 106 Md. 254, where both the minority and majority opinions are discussed at length.

However, it is not the parties to the divorce suit alone.

who are interested in the case at bar. The minor children, not parties to such suit, and the public, are interested. The government is interested to the extent that the minor children, if not supported, may become public charges, and the government is also interested in all of its subjects and such interest requires that these minor children be supported and maintained. The State of Delaware enacted a statute providing for enforcing the liability of the father for the future support of his infant children. In the case of *State* v. *Rogers,* supra, this liability was sought to be enforced by proceedings instituted by the State. Mrs. Rogers had obtained an *Act of Assembly* divorcing her from the defendant and awarding to her the custody of their minor child. In the opinion the court said, *inter alia*: "Parents by the law of nature are bound to support their issue, the father primarily as the head of the family, the liabilities of the wife being at common law merged in the husband, but the liability is common to both, and in case of divorce, though the relations of man and wife may cease, yet the liability to support their children exists and continues alike to each, unless upon the granting of said divorce there be embodied in the decree therefor some special provision for the children, who are consigned to the wife, to be paid by the husband, in which case, having been by the decree deprived of the society and custody of his children and made pay a specific sum, he may be discharged as to any liability, even under said statute. True it is, no action at common law could be brought against a parent to support his children in future, though he is liable for past support as to necessaries, where he refuses to furnish them. * * * We think this statute is clear and unambiguous as to its intent and meaning, and that under its provisions, the said William H. Rogers is bound to pay such sum as may be ordered by this court for the support of his minor children." In *Steele* v. *People,* 88 Ill. App. 186, it appears that the

State's attorney instituted a proceeding in the county court to compel Steele to support his infant son. His defense was that the court had no jurisdiction as the superior court had granted to his wife a divorce and awarded to her the custody of the said infant son whereby he was released from all obligation to support the infant son. On writ of error to review an order requiring him to pay $2 per week to the clerk of the county court for the support of the infant son, the court of appeals in the opinion says: "The only ground presented to this court upon which a reversal of the order of the county court is asked is that the county court had no jurisdiction in this matter. The reason assigned is that the jurisdiction of the superior court in said divorce proceeding was full and complete and exclusive. That position is not tenable. The duty which the father owes to the public to support an infant child is not affected by proceedings for divorce by the mother against the father. And the plaintiff in error has not in this case the excuse that the superior court decreed that he should pay to the mother any sum for the support of this child."

This authority disposes of the point of defendant, noted in the certificate of appeal, that the district court is without jurisdiction, and the further point that the district court had amended or modified the decree of divorce.

Our own statutes go far towards regulating the duties and control of parents over their infant children. Sec. 2993, R. L., as before shown, makes it the duty of the father to support his minor child or children, and under its provisions he is, so long as he discharges his duties to his wife and children, entitled to control the children and entitled to their services. Secs. 2936, 2937 and 2938, R. L., give to the court granting the divorce the power to determine which parent shall have the custody of the children, and when the husband is in fault to require him to contribute such sums as the court shall decree to the support of his

wife, and such sums as the court shall decree to the support, maintenance and education of his infant children who may be awarded to the wife. Of course, in each instance, the sum allowed by the divorce court must be reasonable. Sec. 2940, R. L., under which the defendant is prosecuted, provides for different offenses: One for deserting the wife; one for neglecting his wife; and one for refusing or failing to provide for the support of his infant child or children under the age of sixteen years. The failure of the circuit judge to incorporate into the decree of divorce, or to make a further decree requiring the defendant to support his infant children, does not exempt the defendant from the operation of the statute last cited and does not affect the rights of the said infants or of the public to support for them from the defendant. The evidence shows that the defendant has not since the decree of divorce contributed anything to the support of his infant children.

We hold that the judgment of the district court does not modify or affect the decree of divorce; that the district court had jurisdiction to make the judgment and orders appealed from and complained of by the defendant; and that the judgment should be, and hereby is, affirmed.

*Frank Andrade, C. F. Peterson,* and *A. M. Brown,* City and County Attorney, and *A. M. Cristy,* First Deputy City and County Attorney, for the Territory.

*Lorrin Andrews* and *W. J. Sheldon* for defendant.