## The People of the State of Illinois, Defendant in Error, v. John E. Baker, Plaintiff in Error.

1. PARENT AND CHILD—*when evidence sufficient to support verdict in prosecution for nonsupport of child.* In a prosecution of a father for failure to provide support and maintenance of his children who were living with the mother after divorce, evidence *held* sufficient to warrant the jury in finding that he had knowledge of the necessitous condition of his children.

2. PARENT AND CHILD—*father's liability for support as affected by wife's custody of child under divorce decree.* A decree of divorce awarding the custody of children to the mother does not relieve the father from the legal duty to contribute to their support.

3. PARENT AND CHILD—*sufficiency of evidence of legitimacy in prosecution for nonsupport of child.* In a prosecution of a father for failure to provide support and maintenance, evidence *held* ample to warrant a finding that the children in question were the legitimate offspring of defendant.

Error to the County Court of Franklin county; the Hon. THOMAS J. MYERS, Judge, presiding. Heard in this court at the March term, 1921. Affirmed. Opinion filed November 10, 1921.

H. F. KNOX, for plaintiff in error.

ROY C. MARTIN and NEALY I. GLENN, for defendant in error.

MR. JUSTICE BOGGS delivered the opinion of the court.

On November 20, 1920, an information was filed in the county court of Franklin county, charging plaintiff in error with failing to provide support and maintenance, without lawful excuse, for his three children, Jewel E., Opal J. and Emery Baker, ages 9, 6 and 4 years, respectively. A trial was had at the following January term of said court, resulting in a verdict finding plaintiff in error guilty. Motions for a new trial and in arrest of judgment were made but were overruled by the court. Judgment was entered on the verdict and a fine of $300 was assessed against plaintiff in error to be paid in instalments of $25 per month. Said instalments were ordered paid to the mother of said children for their maintenance and support. To reverse said judgment this writ of error is prosecuted.

The evidence discloses that plaintiff in error, John E. Baker, and Lora Baker were formerly husband and wife and that there were born to them the three children in question; that at the January term, 1919, of the City Court of West Frankfort, plaintiff in error on

proceedings instituted by him obtained a decree of divorce from the said Lora Baker. In said decree among other things it was provided: "It is the further order, judgment and decree of Court that the defendant in original bill, Lora L. Baker, is to have the care, custody and education of the minor children of the parties herewith, and that the complainant in the original bill, John E. Baker, pay into this court, to the clerk thereof, upon the first day of each month hereafter, the sum of $25 for the use and benefit of said minor children until the further order of court. That complainant be allowed the privilege of visiting said children at their home as often as three times each month."

The evidence further discloses that plaintiff in error paid said $25 per month for a period of 7 months or until August, 1919, but that thereafter he made no payments nor did he pay anything toward the support and maintenance of said children. It further appears from the evidence that Lora Baker, with her three children above named and a daughter of about 15 years of age by a previous marriage, lived in a part of a house occupying three rooms; that Lora Baker took in washing to make a living for herself and children during the year 1919, and for a part of the year 1920, when her health failed. Thereafter her daughter by said former marriage took up the burden of supporting the family by taking in washings until the condition of the mother became such that the entire time and attention of the daughter was required to take care of her. From then on until this information was filed said family were in large part supported by contributions from neighbors, consisting of money, food and clothing. For a short time prior to and during said trial the probation officer of said county contributed $15 per month to aid in supporting said mother and children.

It is first contended by plaintiff in error for a re-

versal of said judgment that he had no knowledge of the destitute condition of his children and that the record fails to show any evidence that he had such knowledge and that therefore the verdict and judgment are wrong. The record discloses that he lived only a few blocks from the home of Lora Baker and his said children; that he knew his children and their mother had no property or means of support except the mother's labors; that he had heard of money being raised by the neighbors for their support and that he, himself, had purchased clothing for said children, but had never given same to them. We are of the opinion that the evidence shows that plaintiff in error had knowledge of the necessitous condition of his children and the jury were warranted in so finding.

Plaintiff in error next contends that by the terms of the decree of divorce between him and Lora Baker awarding the custody of the children to the latter, he was absolved from all legal obligations to support said children. In *Plaster v. Plaster,* 47 Ill. 290-291, the court in discussing a similar contention said: "The law of nature, the usages of society, as well as the laws of all civilized countries, impose the duty upon the parent of the support, nurture and education of children. This duty devolves first upon the father, and next upon the mother, so long as they are of tender years and unable to provide for themselves.

"While this liability is not controverted, as a general rule, it is insisted that by the decree of the court giving the custody of the child, in this case to the mother, absolved defendant in error from his further support and nurture. We are unable to appreciate the force of the objection. * * * His being adjudged by the court to be unfitted to have the custody, care and education of the child, did not, nor could it, release him from both his natural and legal duty.

"The decree only directs that the mother shall have the custody of the child until the further order of the

court. It does not find that the mother shall support the child, nor does it release defendant in error from the obligation; it leaves that duty subsisting and unimpaired. Had the court found both parents improper persons to have his custody, and had placed him in the care of another person, no one would have supposed that defendant in error would not have remained liable, and in what does the difference consist? After the parents were divorced, all duties and obligations to each other ceased, and they were as strangers to each other. Plaintiff in error owed him no duty as a wife, and her duty to support the children continued as before, secondary, and his primary.'' This case is cited and approved in *Harding v. Harding*, 180 Ill. 481-507; *Steele v. People*, 88 Ill. App. 186-187; *Konitzer v. Konitzer*, 112 Ill. App. 326-328.

One of the legal consequences and incidents of the natural relation of parents and children is that the parents are legally bound for the support, maintenance and education of the children so long as they are of tender years and unable to provide for themselves. *Ryan v. Foreman*, 181 Ill. App. 262-267.

The decree of divorce did not relieve plaintiff in error from his legal duty to contribute to the support of his children, and the trial court did not err in so holding.

It is further contended by plaintiff in error that the judgment should be reversed for the reason that the record fails to show a marriage between him and Lora Baker and fails to show that the children were legitimate. Section 6 of the Act entitled, ''Abandonment of wife or children,'' passed June 24, 1915 (being paragraph 32 of chapter 68 of Hurd's Revised Statutes, Cahill's Ill. St. ch. 38, ¶ 7), provides as follows: ''No other or greater evidence shall be required to prove the marriage of such husband and wife, or that the defendant is the father or mother of such child or

children, than is or shall be required to prove such fact in a civil action.''

In Greenleaf on Evidence (13th Ed.), the author in volume 2, at page 432, says: ''Marriage may also be proved in civil cases, other than actions for seduction, by reputation, declaration and conduct of the parties and other circumstances usually accompanying that relation.'' And on page 431 of the same volume it is stated: ''That upon the trial of indictment for polygamy and adultery, and in cases for criminal conversation, direct evidence of marriage is required, but in all other cases any other satisfactory evidence is sufficient.''

In the case of *Miller v. White,* 80 Ill., page 585, the court in discussing this question says: ''We do not remember but two cases in which proof of actual marriage is required; one is in prosecution for bigamy, the other in an action for criminal conversation. In other cases, the presumption of marriage may be indulged from cohabitation, name, reputation and other circumstances.'' To the same effect is the holding of the Supreme Court in *Harman v. Harman,* 16 Ill. 87, and of the Appellate Court in *Keppler v. Elser,* 23 Ill. App. 643-645.

In our judgment the evidence in the record was amply sufficient to warrant the jury in finding the children in question to be the legitimate offspring of plaintiff in error. Plaintiff in error himself in answer to the following questions practically admitted their legitimacy:

''Q. I will ask you to state whether within the last twenty months or two years you have lived with your wife or children, or within the same town? A. I have not lived with them, but in the same town.''

''Q. The question is whether if for the last twenty months or two years you have been living with your wife and children as a family. A. No.''

''Q. During the last twenty months or in fact since January, or latter part of January, 1919, who has had

the care and custody of the children born of yourself and Lora Baker? A. She has.''

Other errors were assigned on the record but were not argued by plaintiff in error in his brief so are held to be waived under the rules of this court.

Finding no reversible error in the record the judgment of the trial court is affirmed.

*Judgment affirmed.*